1   ERIN M. CONNELL (SBN 223355)
    econnell@orrick.com
2   ALEXANDRA H. STATHOPOULOS (SBN 286681)
    astathopoulos@orrick.com
3   LARA FAZEL GRAHAM (SBN 314003)
    lgraham@orrick.com
4   TIERRA D. PIENS (SBN 315290)
    tpiens@orrick.com
5   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
6   405 Howard Street
    San Francisco, CA  94105-2669
7   Telephone:    +1 415 773 5700
    Facsimile:     +1 415 773 5759
8

9   Attorneys for Defendant
    SONY INTERACTIVE ENTERTAINMENT LLC
10

11                  UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13

14  EMMA MAJO, an individual,                    Case No. 3:21-cv-09054-LB

15                 Plaintiff,                     **DEFENDANT SONY INTERACTIVE
                                                  ENTERTAINMENT LLC'S NOTICE OF
16         v.                                     MOTION AND MOTION;
                                                  MEMORANDUM OF POINTS AND
17  SONY INTERACTIVE ENTERTAINMENT              AUTHORITIES IN SUPPORT OF
    LLC, a California limited liability Company,  MOTION TO DISMISS AND STRIKE**
18
                   Defendant.                     Date:       April 14, 2022
19                                                Time:       9:30 a.m.
                                                  Courtroom: B, 15th Floor
20                                                Judge: Hon. Laurel Beeler

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2
**Page**

3   I.    INTRODUCTION ................................................................................................ 1

4   II.   ISSUES TO BE DECIDED ................................................................................ 3

    III.  PROCEDURAL BACKGROUND ..................................................................... 3

5   IV.   RELEVANT FACTUAL ALLEGATIONS ....................................................... 3

6         A.   Plaintiff Alleges She Personally Experiences Gender Bias at SIE ........ 3

7         B.   Plaintiff Alleges She Was Not Promoted, Which She Attributes to Gender
               Bias at SIE ............................................................................................ 4

8         C.   Plaintiff Alleges She Was Terminated For Complaining About Gender Bias ........ 5

9         D.   Plaintiff Alleges SIE Broadly Discriminates Against Women in Pay and
               Promotions ............................................................................................ 6

10  V.    LEGAL STANDARDS ....................................................................................... 6

11        A.   Motion to Dismiss ................................................................................. 6

          B.   Motion to Strike .................................................................................... 7

12  VI.   THE COURT SHOULD GRANT SIE'S MOTION TO DISMISS AND STRIKE. .......... 8

13        A.   Plaintiff Fails to Sufficiently Plead a Federal Equal Pay Act Claim ..................... 8

14             1.   The Court Should Dismiss Plaintiff's Federal EPA Claim Because
                    She Simply Recites the Elements of the Claim With No Supporting
15                  Facts ............................................................................................ 8

16             2.   Plaintiff Fails to Allege a Collective Action is Procedurally Proper ........ 10

          B.   Plaintiff's Rule 23 California Equal Pay Act Claim Fails Because She
17             Recites Only the Legal Elements and Provides Conclusory Allegations, But
               Alleges No Facts .................................................................................... 12

18        C.   Plaintiff's Rule 23 FEHA Discrimination Claims Fail ......................................... 13

19             1.   Plaintiff Does Not Sufficiently Allege FEHA Harassment ...................... 14

               2.   Plaintiff's Failure to Prevent Claim is Not Sufficiently Pled .................. 15

20             3.   Plaintiff's Unpaid Wages Claim Is Not Properly Pled ............................ 16

21        D.   The Court Should Strike the Class Allegations Because Plaintiff Alleges
               No Facts Suggesting She Can Satisfy the Rule 23 Procedural Requirements ..... 16

22             1.   Plaintiff's Unascertainable Class Should be Stricken ............................. 17

23             2.   Plaintiff Alleges No Facts Suggesting She Can Establish Adequacy ....... 17

24             3.   Plaintiff Alleges No Facts Suggesting She Can Satisfy the
                    Commonality Requirement ......................................................... 18

25                  a.   California EPA ..................................................................... 19

26                  b.   FEHA ................................................................................... 20

               4.   Plaintiff Alleges No Facts Suggesting She Can Show Predominance ...... 21

27                  a.   California EPA ..................................................................... 21

28                  b.   FEHA ................................................................................... 21

SIE'S NOTICE OF MOTION AND MOTION
                  TO DISMISS AND STRIKE 3:21-CV-09054-LB

1

**TABLE OF CONTENTS**
(continued)

2

**Page**

3

       5.     Plaintiff Fails to Allege Facts Showing a Class Action Will be

4

            Manageable ............................................................................................. 21

           a.    California EPA ............................................................................ 21

5

           b.    FEHA .......................................................................................... 22

6

   E.    Plaintiff Fails to State Derivative UCL and PAGA Claims................................. 22

   F.    Plaintiff Alleges Insufficient Facts to Sustain Her Individual Claims................. 23

7

       1.     Plaintiff Fails to State a Claim for Wrongful Discharge (Public

8

            Policy) ....................................................................................................... 23

9

       2.     Plaintiff Fails to State a Claim for Intentional or Negligent

            Infliction of Emotional Distress ................................................................ 23

10

       3.     The Court Should Dismiss Plaintiff's Claim for "Discrimination

            and Harassment—Termination" Under FEHA Because It

11

            Confusingly Lumps Discrimination and Retaliation Into One Legal

            Standard..................................................................................................... 24

12

       4.     Plaintiff Fails to Plead Facts Sufficient to Support Her Claims for

            Retaliation Under California Labor Code Sections 1102.5 and 232.5...... 24

13

VII.   CONCLUSION .................................................................................................... 25

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SIE'S NOTICE OF MOTION AND MOTION
TO DISMISS AND STRIKE 3:21-cv-09054-LB

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Achal v. Gate Gourmet, Inc.*,
    114 F. Supp. 3d 781 (N.D. Cal. 2015) ................................................................. 3

*Adams v. Northstar Location Servs., LLC*,
    No. 09-CV-1063, 2010 WL 3911415 (W.D.N.Y. Oct. 5, 2010) ............................... 9

*Alvarado v. Wal-Mart Assocs., Inc.*,
    No. 220CV01926ABKKX, 2021 WL 6104234 (C.D. Cal. Nov. 3, 2021) ........................... 18

*Am. Fed'n of State, Cty., & Mun. Emps., AFL-CIO (AFSCME) v. State of Wash.*,
    770 F.2d 1401 (9th Cir. 1985)................................................................................ 14

*Arafat v. Sch. Bd. of Broward Cty.*,
    549 F. App'x 872 (11th Cir. 2013) ....................................................................... 8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................... 7, 13

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
    459 U.S. 519 (1983) ................................................................................... 7, 17

*Barrett v. Forest Lab'ys, Inc.*,
    No. 12 CV. 5224 RA MHD, 2015 WL 5155692 (S.D.N.Y. Sept. 2, 2015)........................ 11

*Bauer v. Curators of Univ. of Missouri*,
    680 F.3d 1043 (8th Cir. 2012)................................................................................ 10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................... 6, 7, 17

*Benedict v. Hewlett-Packard Co.*,
    314 F.R.D. 457 (N.D. Cal. 2016) ..................................................................... 18, 21

*Bush v. Vaco Tech. Servs., LLC*,
    No. 17-CV-05605-BLF, 2019 WL 3290654 (N.D. Cal. July 22, 2019) ........................ 10

*Chan v. Canadian Standards Ass'n*,
    No. SACV192162JVSJDE, 2020 WL 2496174 (C.D. Cal. Mar. 16, 2020) ................... 24

*Collins v. Gamestop Corp.*,
    No. C10-1210-TEH, 2010 WL 3077671 (N.D. Cal. Aug. 6, 2010)........................... 8

*Cucuzza v. City of Santa Clara*,
    104 Cal. App. 4th 1031 (2002)................................................................................ 13

*Donaldson v. Microsoft Corp.*,
  205 F.R.D. 558 (W.D. Wash. 2001) ................................................................... 18

*Duran v. U.S. Bank Nat'l Ass'n*,
  59 Cal. 4th 1 (2014) ........................................................................................... 22

*E.E.O.C. v. Port Auth. of N.Y. & N.J.*,
  768 F.3d 247 (2d Cir. 2014) ................................................................................ 9

*Ellis v. Costco Wholesale Corp.*,
  657 F.3d 970 (9th Cir. 2011) .............................................................................. 18

*Fairchild v. Quinnipiac Univ.*,
  16 F. Supp. 3d 89 (D. Conn. 2014) ...................................................................... 8

*Farmers Ins. Exch. v. Superior Court*,
  2 Cal. 4th 377 (1992) ......................................................................................... 22

*Flores v. Starwood Hotels & Resorts Worldwide, Inc.*,
  No. SACV 14-1093 AG, 2015 WL 12912337 (C.D. Cal. Mar. 16, 2015) ............ 17

*U.S. ex rel. Garst v. Lockheed-Martin Corp.*,
  328 F.3d 374 (7th Cir. 2003) .............................................................................. 24

*Green v. Par Pools, Inc.*,
  111 Cal. App. 4th 620 (2003) ............................................................................. 12

*Grotz v. Kaiser Found. Hosps.*,
  No. C-12-3539 EMC, 2012 WL 5350254 (N.D. Cal. Oct. 29, 2012) ................... 23

*Gunther v. Washington Cty.*,
  623 F.2d 1303 (9th Cir. 1979), *aff'd*, 452 U.S. 161 (1981) ............................. 8, 21

*Guthmann v. Classic Residence Mgmt. Ltd. P'ship*,
  No. 16-CV-02680-LHK, 2017 WL 3007076 (N.D. Cal. July 14, 2017) ............... 24

*Guz v. Bechtel Nat'l. Inc.*,
  24 Cal. 4th 317 (2000) ................................................................................... 13, 22

*Hall v. Cty. of Los Angeles*,
  148 Cal. App. 4th 318 (2007) .......................................................................... 12, 13

*Harris v. Civ. Serv. Comm'n.*,
  65 Cal. App. 4th 1356 (1998) ............................................................................. 13

*Hernandez v. Premium Merch. Funding One, LLC*,
  No. 19-CV-1727, 2020 WL 3962108 (S.D.N.Y. July 13, 2020) ........................ 9, 10

*Janken v. GM Hughes Elecs.*,
  46 Cal. App. 4th 55 (1996) ............................................................................. 14, 23

SIE'S NOTICE OF MOTION AND MOTION
TO DISMISS AND STRIKE 3:21-cv-09054-LB

*Johnson v. Q.E.D. Envtl. Sys. Inc.*,
  No. 16-CV-01454-WHO, 2017 WL 1685099 (N.D. Cal. May 3, 2017) ................................ 11

*Kairam v. W. Side GI, LLC*,
  793 F. App'x 23 (2d Cir. 2019)........................................................................................ 8, 10

*Kamm v. Cal. City Dev. Co.*,
  509 F.2d 205 (9th Cir. 1975)................................................................................................ 16

*Kao v. Holiday*,
  12 Cal. App. 5th 947 (2017)................................................................................................. 16

*Kasky v. Nike, Inc.*,
  27 Cal. 4th 939 (2002) ......................................................................................................... 22

*Kassman v. KPMG LLP*,
  416 F. Supp 3d 252 (S.D.N.Y. 2018).............................................................................. 11, 19

*Kelly-Zurian v. Wohl Shoe Co.*,
  22 Cal. App. 4th 397 (1994)................................................................................................. 15

*Lee v. Eden Med. Ctr.*,
  690 F. Supp. 2d 1011 (N.D. Cal. 2010) ............................................................................... 15

*Lehman v. Bergmann Assocs., Inc.*,
  *11 F. Supp*. 3d 408 (W.D.N.Y. 2014) .................................................................................... 8

*Litty v. Merrill Lynch & Co.*,
  No. CV 14-0425 PA PJWX, 2014 WL 5904904 (C.D. Cal. Nov. 10, 2014)........................ 23

*Lopez v. Liberty Mut. Ins. Co.*,
  No. 2:14-CV-05576-AB-JCX, 2020 WL 1189841 (C.D. Cal. Feb. 11, 2020) ..................... 23

*Lyle v. Warner Bros. Television Prods.*,
  38 Cal. 4th 264 (2006) ......................................................................................................... 15

*Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*,
  48 Cal. 3d 583 (1989) .......................................................................................................... 23

*McKenna v. Permanente Med. Grp., Inc.*,
  894 F. Supp. 2d 1258 (E.D. Cal. 2012)................................................................................ 24

*Meacham v. Knolls Atomic Power Lab'y.*,
  554 U.S. 84 (2008) ............................................................................................................... 14

*Miller v. Cont'l Airlines, Inc.*,
  260 F. Supp. 2d 931 (N.D. Cal. 2003) ................................................................................... 7

*Moussouris v. Microsoft Corp.*,
  No. C15-1483JLR, 2018 WL 3328418 (W.D. Wash. June 25, 2018) .................................. 18

SIE'S NOTICE OF MOTION AND MOTION
TO DISMISS AND STRIKE 3:21-cv-09054-LB

*O'Reilly v. Daugherty Sys., Inc.*,
Case No. 4:18-cv-01283 SRC, 2021 WL 4514293 (E.D. Mo. Sept. 30, 2021) ..................... 12

*Palmer v. Combined Ins. Co.*,
No. 02 C 1764, 2003 WL 466065 (N.D. Ill. Feb. 24, 2003) .................................................. 16

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
494 F.3d 788 (9th Cir. 2007)................................................................................................... 7

*Peterson v. U.S. Bancorp Equip. Fin., Inc.*,
No. C 10-0942 SBA, 2010 WL 2794359 (N.D. Cal. July 15, 2010) .................................... 23

*Pilgrim v. Universal Health Card, LLC*,
660 F.3d 943 (6th Cir. 2011)................................................................................................. 17

*Puffer v. Allstate Ins. Co.*,
255 F.R.D. 450 (N.D. Ill. 2009), *aff'd*, 675 F.3d 709 (7th Cir. 2012).................................. 18

*Ramirez v. Baxter Credit Union*,
No. 16-cv-03765-SI, 2017 WL 1064991 (N.D. Cal. Mar. 21, 2017)..................................... 16

*Randall v. Rolls-Royce Corp.*,
637 F.3d 818 (7th Cir. 2011)................................................................................................. 18

*Reno v. Baird*,
18 Cal. 4th 640 (1998) ............................................................................................. 14, 15, 23

*Reyna v. WestRock Co.*,
No. 20-CV-01666-BLF, 2020 WL 5074390 (N.D. Cal. Aug. 24, 2020).............................. 22

*Rivera v. Children's & Women's Physicians of Westchester, LLP*,
No. 16-CIV-714 (PGG) (DCF), 2017 WL 1065490 (S.D.N.Y. Mar. 18, 2017)..................... 9

*Rivera v. Saul Chevrolet, Inc.*,
No. 16-CV-05966-LHK, 2017 WL 3267540 (N.D. Cal. July 31, 2017) ............................... 11

*Rose v. Goldman, Sachs & Co.*,
163 F. Supp. 2d 238 (S.D.N.Y. 2001) ..................................................................................... 9

*Sanders v. Apple Inc.*,
672 F. Supp. 2d 978 (N.D. Cal. 2009) ............................................................................. 8, 16

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
806 F.2d 1393 (9th Cir. 1986) ................................................................................................. 7

*Shabaz v. Polo Ralph Lauren Corp.*,
586 F. Supp. 2d 1205 (C.D. Cal. 2008).................................................................................. 16

*SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc.*,
88 F.3d 780 (9th Cir. 1996)...................................................................................................... 6

SIE'S NOTICE OF MOTION AND MOTION
TO DISMISS AND STRIKE 3:21-cv-09054-LB

*Smith v. City of Jackson*,
    544 U.S. 228 (2005) ................................................................................................. 14

*Solomon v. Fordham Univ.*,
    No. 18 Civ. 4615 (ER), 2020 WL 1272617 (S.D.N.Y. Mar. 17, 2020) ................................... 8

*Steckman v. Hart Brewing*,
    143 F.3d 1293 (9th Cir. 1998) ...................................................................................... 10

*Suarez v. Bank of Am. Corp.*,
    No. 18-CV-01202-MEJ, 2018 WL 3659302 (N.D. Cal. Aug. 2, 2018) ................................ 24

*Summit Tech., Inc. v. High-Line Med. Instruments Co.*,
    922 F. Supp. 299 (C.D. Cal. 1996) ............................................................................... 7

*Suzuki v. State Univ. of New York Coll. at Old Westbury*,
    No. 08-CV-4569 (TCP), 2013 WL 2898135 (E.D.N.Y. June 13, 2013) ............................... 9

*Telesaurus VPC, LLC v. Power*,
    623 F.3d 998 (9th Cir. 2010) ....................................................................................... 7

*Tietsworth v. Sears*,
    720 F. Supp. 2d 1123 (N.D. Cal. 2010) ........................................................................ 8

*Trinh v. JP Morgan Chase & Co.*,
    No. 07-CV-1666 W(WMC), 2008 WL 1860161 (S.D. Cal. April 22, 2008) ........................ 11

*Tyson Foods, Inc. v. Bouaphakeo*,
    577 U.S. 442 (2016) .................................................................................................. 21

*Unger v. City of Mentor*,
    387 F. App'x 589 (6th Cir. 2010) ................................................................................ 8

*Verdone v. Am. Greenfuels, LLC*
    No. 3:16-CV-01271 (VAB), 2017 WL 3668596 (D. Conn. Aug. 24, 2017) ......................... 9

*Viana v. FedEx Corp. Servs., Inc.*,
    728 F. App'x 642 (9th Cir. 2018) ............................................................................... 16

*Wade v. Morton Bldgs., Inc.*,
    No. 09-1225, 2010 WL 378508 (C.D. Ill. Jan. 27, 2010) ............................................. 9, 12

*Wagner v. Taylor*,
    836 F.2d 578 (D.C. Cir. 1987) .................................................................................... 18

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) .............................................................................................. 19, 20

*Wang v. Gov't Employees Ins.*,
    2016 WL 11469653 (E.D.N.Y. Mar. 31, 2016) .............................................................. 9

SIE'S NOTICE OF MOTION AND MOTION
TO DISMISS AND STRIKE 3:21-cv-09054-LB

*Wards Cove Packing Co. v. Atonio*,
    490 U.S. 642 (1989) ............................................................................................ 14

*Watson v. Fort Worth Bank & Trust*,
    487 U.S. 977 (1988) ............................................................................................ 14

*Werst v. Sarar USA Inc.*,
    No. 17-CV-2181 (VSB), 2018 WL 1399343 (S.D.N.Y. Mar. 16, 2018) .................... 9

*Wesson v. Staples the Off. Superstore, LLC*
    68 Cal. App. 5th 746, *reh'g denied* (Sept. 27, 2021), *review denied* (Dec. 22,
    2021) ................................................................................................................. 23

*W. Mining Council v. Watt*,
    643 F.2d 618 (9th Cir. 1981) *cert denied*, 454 U.S. 1031 (1981) ........................... 7

*Whiteway v. FedEx Kinko's Off. & Print Svcs.*,
    No. C 05-2320 SBA, 2006 WL 2642528 (N.D. Cal. Sept. 14, 2006) ...................... 17

*ZB, N.A. v. Superior Court*,
    8 Cal. 5th 175 (2019) ........................................................................................ 22

**Statutes and Regulations**

28 U.S.C. § 2201 .......................................................................................................... 3

29 C.F.R. § 1620.13(e) .................................................................................................. 9

29 U.S.C. § 216(b) ....................................................................................................... 11

42 U.S.C. § 2000e–2(k) ................................................................................................ 14

2 Cal. Code Regs. § 11023(a)(2) .................................................................................... 15

Cal. Lab. Code §§ 201-203 ....................................................................................... 3, 16

Cal. Lab. Code §§ 201-204 ........................................................................................... 16

Cal. Lab. Code § 232.5 ............................................................................................ 3, 24

Cal. Lab. Code § 1102.5 .......................................................................................... 3, 24

Cal. Lab. Code § 1197.5 ........................................................................................ 12, 19

Cal. Labor Code § 2699 ............................................................................................... 22

California Equal Pay Act ....................................................................................... *passim*

Fair Labor Standards Act (FLSA) ......................................................................... 3, 8, 11

Federal Equal Pay Act ........................................................................................... *passim*

     SIE'S NOTICE OF MOTION AND MOTION
TO DISMISS AND STRIKE 3:21-cv-09054-LB

FEHA ................................................................................................................ *passim*

Private Attorneys General Act ....................................................................... 2, 3, 22, 23

Unfair Competition Law ("UCL") ................................................................. 2, 3, 22

**Other Authorities**

Fed. R. Civ. P.  8(a) ........................................................................................ 24

Fed. R. Civ. P. 12(b)(6) .................................................................................. 1, 6

Fed. R. Civ. P. 12(f) ....................................................................................... 1, 7

Fed. R. Civ. P.  23 .......................................................................................... *passim*

Fed. R. Civ. P.  23(a) ...................................................................................... 17

Fed. R. Civ. P.  23(b) ...................................................................................... 17

Fed. R. Civ. P.  23(b)(3) .................................................................................. 21

Fed. R. Civ. P.  23(d)(1)(D) ............................................................................ 16

SIE'S NOTICE OF MOTION AND MOTION
TO DISMISS AND STRIKE 3:21-cv-09054-LB

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on April 14, 2022 at 9:30 a.m. in Courtroom B, on the 15th Floor of the above-titled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Sony Interactive Entertainment LLC ("SIE") will move the Court for an Order dismissing and striking claims alleged against SIE in Plaintiff Emma Majo's ("Plaintiff's") First Amended Complaint ("FAC") on the grounds that Plaintiff failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), or that Plaintiff's claims should be stricken pursuant to Federal Rule of Civil Procedure 12(f) on the grounds Plaintiff failed to allege facts sufficient to demonstrate a class or collective action is appropriate. This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the complete pleadings and records on file herein, and such other evidence and arguments as may be presented at the hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

In her First Amended Complaint ("FAC"), Plaintiff Emma Majo tries mightily to transform a handful of individualized complaints about her failure to earn a promotion into a massive collective and class action lawsuit on behalf of all women employed by SIE nationwide and within the state of California. Yet despite the sweeping breadth of her lawsuit, the allegations in which SIE categorically denies, she fails to plead facts to support either her individual claims or the claims of the broad-based classes of women she seeks to represent. Plaintiff seeks to bring collective and class actions under the Federal and California Equal Pay Acts ("EPAs"), but alleges ***no facts*** about her own work, let alone the work of the class members she seeks to represent or any alleged male comparators who she claims performed equal or substantially similar work and were paid more. She alleges classwide claims of disparate treatment and disparate impact discrimination, but fails to identify a single policy, practice or procedure at SIE that allegedly formed the basis of any widespread intentional discrimination or had a discriminatory impact on women. Her widespread claims of harassment are based solely on

SIE'S NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE 3:21-CV-09054-LB

unactionable allegations of run-of-the-mill personnel activity. And she clams SIE failed to prevent discrimination and harassment, but provides no facts suggesting SIE knew or should have known about the alleged conduct about which she complains. She further brings wage and hour claims and claims under California's Private Attorneys General Act ("PAGA") and Unfair Competition ("UCL") law, but they are entirely derivative of her other claims and therefore fail for all the same reasons.

Not only does Plaintiff fail to allege sufficient facts to support her asserted claims, but she also fails to allege a class, collective or representative action is procedurally proper. To the contrary, Plaintiff's allegations suggest precisely the opposite, as they are highly individualized and based solely on her personal circumstances. She fails to allege any facts supporting the notion that common evidence can prove the asserted claims of the class, or that the purported members of the collective action she seeks to represent are similarly situated. She also fails to articulate how the alleged class, collective and representative actions she seeks to bring are remotely manageable. Moreover, because she seeks to represent the very managers she accuses of discrimination and harassment, she cannot possibly meet the requirements of adequacy and typicality due to irreconcilable conflicts of interest.

Plaintiff's purely individual claims are similarly deficient. Like her class claims, they are based solely on conclusory allegations or recitations of legal elements without any factual support. Her claims for intentional and negligent infliction of emotional distress are preempted by California's Worker's Compensation statute and are otherwise based on unactionable personnel activity or purported duties SIE did not owe to her. And while she claims the termination of her employment due to a reduction in force was retaliatory, she fails to sufficiently plead she was the victim of unlawful retaliation.

Plaintiff cannot bring thirteen separate legal claims on behalf of herself, nor a national collective action or statewide class action lawsuit, without pleading facts to support her allegations. She has failed to plead such facts here (which SIE contends do not exist). For all of these reasons and as explained more fully below, the Court should grant SIE's Motion to Dismiss and Motion to Strike.

SIE'S NOTICE OF MOTION AND MOTION
TO DISMISS AND STRIKE 3:21-cv-09054-LB

1   **II.     ISSUES TO BE DECIDED**

2          The issues to be decided are: (1) Whether the Court should dismiss Plaintiff's putative

3   collective Fair Labor Standards Act (FLSA) EPA claim because the FAC fails to allege sufficient

4   facts to sustain the claim, and strike collective class allegations because she cannot meet

5   collective action procedural requirements; (2) Whether the Court should dismiss Plaintiff's

6   putative Rule 23 class claims because the FAC fails to allege sufficient facts to sustain those

7   claims, and strike Rule 23 class allegations because she fails to allege facts showing she can meet

8   the procedural requirements of Rule 23; (4) Whether the Court should dismiss Plaintiff's

9   derivative UCL and PAGA claims because Plaintiff fails to allege sufficient facts to sustain the

10  predicate claims, and strike Plaintiff's PAGA claim because she fails to allege facts sufficient to

11  demonstrate the claim is manageable; and (5) Whether the Court should dismiss Plaintiff's

12  individual claims because the FAC fails to allege sufficient facts to sustain those claims.

13  **III.    PROCEDURAL BACKGROUND**

14         Plaintiff filed this action on November 22, 2021 and filed her FAC on February 7, 2022.

15  *See* Complaint; FAC.  She seeks to bring, on behalf of all females and those who identify as

16  female at SIE: (1) a putative nationwide collective action alleging violations of the Federal EPA;

17  (2) a putative Rule 23 class action alleging violations of the California EPA, the California

18  FEHA, California Labor Code §§ 201-203 (final wages) and the California UCL; (3) a California

19  PAGA representative action seeking to represent all "aggrieved employees" in California, and (4)

20  individual claims including public policy wrongful termination, intentional and negligent

21  infliction of emotional distress, FEHA discrimination and harassment, and retaliation under

22  California Labor Code §§ 232.5 and 1102.5.[1]

23  **IV.     RELEVANT FACTUAL ALLEGATIONS**

24         **A.     Plaintiff Alleges She Personally Experiences Gender Bias at SIE.**

25         Plaintiff alleges SIE hired her in 2015. *See* FAC, ¶ 1. She does not allege, however, the

26  _____

27  [1] Plaintiff also seeks a declaratory judgment under 28 U.S.C. § 2201 which should be dismissed or stricken because she does not allege facts sufficient to sustain the predicate claims and because the request is redundant. *See Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 819 (N.D. Cal. 2015).

28

- 3 -     SIE'S NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE 3:21-cv-09054-LB

job she held, the job responsibilities she held, to whom she reported, how much she was paid, or the department into which she was hired. She further alleges that when she began her employment at SIE, "her department was roughly 60:40 of men: women, but over the years [she] observed a shift towards more and more males" and as "of 2021, Sony is dominated by males." *Id.*, ¶¶ 64-65. She further alleges SIE "has managers" and claims that one of them would not be alone in a room with females with the door closed, but she fails to allege this individual was *her* manager (and he was not). *See Id.*, ¶ 66. She further alleges this individual ignored unspecified requests from her (but does not state when or how many) and alleges that when she routed these unspecified requests through an unnamed male intern, she received a response (but does not describe the response). *See Id.*, ¶ 67.

### B. <u>Plaintiff Alleges She Was Not Promoted, Which She Attributes to Gender Bias at SIE.</u>

Plaintiff alleges she worked at SIE for six years but "did not earn a promotion." *Id.*, ¶ 71. She does not allege she applied for a promotion or was qualified for promotion, but instead speculates her failure to be promoted was due to gender bias at SIE based on a single vague, unattributed comment that unnamed managers said an unidentified female worker who had a "personal issue" was "not performing well because she has had a lot going on at home." *Id.*, ¶¶ 68, 72, 78. Plaintiff further describes various inquiries she made about how to get promoted, as well as restructuring decisions and changes to her reporting chain with which she apparently was dissatisfied. *See Id.*, ¶¶ 69-73. She also complains that when she agreed to join a project underneath another unspecified department at the request of the CFO, she was not allowed to transfer back to her prior job despite being told the move to the other department would be temporary. *See Id.*

Plaintiff further alleges she "sought out" a mentor, who she fails to identify but claims told her the only thing she could do to get promoted was to speak to her unnamed manager, who Plaintiff claims would not answer what she could do to get promoted.[2] *Id.*, ¶ 74. Plaintiff alleges

---

[2] Despite Plaintiff's allegation that SIE "did not have any females in either Staff or Line leadership roles," *id.*, ¶ 14, she does not allege the gender of any of her managers, apparently

1    SIE "sometimes promotes people 'in cycle' (meaning around the time of annual performance

2    reviews) and sometimes 'out of cycle,'" but every "out of cycle" promotion she personally "knew

3    of was for a male." *Id.*, ¶ 75. She does not allege the number of "out of cycle" promotions of

4    which she was aware, when they took place, who was promoted, or whether the alleged

5    promotions were to the exclusion of qualified female candidates. Plaintiff also vaguely speculates

6    that "HR itself creates resistance when women try to get promoted… by losing track of females

7    seeking promotion," but does not allege how often this happened, or to whom.  *Id.*, ¶ 77.

8         Plaintiff further alleges she was demoted, "because she went from reporting to a VP, to

9    reporting to a manager below that VP." *Id.*, ¶ 70. She alleges the VP told her "they" [not "he"]

10   did not have time to handle subordinates, despite other male co-workers continuing to report to

11   this VP. *See Id*. She does not allege whether these males were peers or held roles more senior to

12   her, nor otherwise explain the reporting relationships. She further alleges she had the same direct

13   subordinate for three years but "Sony never made [her] management role official." *Id.*, ¶ 71. She

14   does not allege that having a subordinate equates to being a manager at SIE.

15        **C.**    **Plaintiff Alleges She Was Terminated For Complaining About Gender Bias.**

16        Plaintiff alleges that in 2021, she "submitted a signed statement to Sony detailing the

17   gender bias she has experienced," and soon after received a letter stating she was being

18   terminated because SIE was eliminating "a certain department." *Id.*, ¶ 77. She does not allege

19   which department was being dissolved or whether her department fell under it, but alleges the

20   dissolution of the unnamed department was a "false basis" to terminate her because she claims

21   she was not a member of it. *Id.* Nor does she allege that her signed statement informed SIE of any

22   particular law or statute she believes SIE violated. She further alleges she was not promoted, was

23   demoted, and was eventually terminated because "of gender bias, because she is a female, and

24   because she spoke up about gender bias." *Id.*, ¶ 78.

25

26

27

28   because all of Plaintiff's managers going back to 2017, including the manager she claims would
     not tell her how to get promoted, were female.

SIE'S NOTICE OF MOTION AND MOTION
                                                        TO DISMISS AND STRIKE 3:21-cv-09054-LB

D.   **Plaintiff Alleges SIE Broadly Discriminates Against Women in Pay and Promotions.**

Without identifying any particular policy or practice at SIE, Plaintiff vaguely alleges "Sony's policies and procedures have an ongoing disparate impact on female employees." *Id.*, ¶¶ 15. She further alleges "Sony maintains policies and practices regarding the promotion process that promote gender-based inequities in title and compensation," and that these unidentified "policies and practices regarding advancement" favor males through a "system where women are denied opportunities for advancement at Sony." *Id.* She alleges "Sony's nationwide practices, policies, and procedures result in lower compensation for female employees than similarly situated male employees." *Id.*

Plaintiff further alleges, "in general, the [unidentified] policies, practices, and procedures that govern the pay and promotions of female employees lack the sufficient standards, quality controls, implementation metrics, transparency, and oversight to ensure equal opportunities for males and females at Sony." *Id.*, ¶ 16. She asserts that because "Sony's management does not provide sufficient oversight or safety measures to protect against intentional and overt discrimination or the disparate impact of [unidentified] facially neutral policies and procedures, female employees (including those...identify[ing] as female) suffering from discrimination are without recourse." *Id.*, ¶ 17.

V.   **LEGAL STANDARDS**

A.   **Motion to Dismiss**

A complaint must be dismissed under Rule 12(b)(6) where a plaintiff fails to assert a cognizable legal theory or allege sufficient facts under a cognizable legal theory. *See, e.g., SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782-83 (9th Cir. 1996). To assert a cognizable legal theory, a plaintiff must provide "the 'grounds' of [her] 'entitlement to relief' [and this] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at

570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Prior to "unlock[ing] the doors of discovery," the complaint must include sufficient facts from which an inference of wrongdoing may be drawn—facts that suggest that the right to relief is more than conceivable, but also plausible on its face. *Id.*

When deciding a motion to dismiss, a court must set aside any "conclusory statements" or "threadbare recitals of the elements." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 555) ("we 'are not bound to accept as true a legal conclusion couched as a factual allegation'"). Pleading standards "are not so liberal as to allow purely conclusory statements to suffice to state a claim that can survive a motion to dismiss." *Miller v. Cont'l Airlines, Inc.*, 260 F. Supp. 2d 931, 935 (N.D. Cal. 2003); *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 794 (9th Cir. 2007).

Moreover, a "court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations." *Summit Tech., Inc. v. High-Line Med. Instruments Co.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (citing *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)). "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557). A court cannot assume a plaintiff can prove facts she has not alleged. *Twombly*, 550 U.S. at 563 n.8 (*quoting Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983)). If a plaintiff's allegations do not bring her "claims across the line from conceivable to plausible, [her] complaint must be dismissed." *Id.* at 570. Additionally, a "district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (*quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

### B.     Motion to Strike

The Court may strike from a complaint "any redundant, immaterial or impertinent and scandalous matter." Fed. R. Civ. P. 12(f). This includes unsupported class allegations: "Where the complaint demonstrates…a class action cannot be maintained on the facts alleged, a defendant

1  may move to strike class allegations prior to discovery." *See Sanders v. Apple Inc*., 672 F. Supp.

2  2d 978, 989-90 (N.D. Cal. 2009); *see also Collins v. Gamestop Corp*., No. C10-1210-TEH, 2010

3  WL 3077671, at *2 (N.D. Cal. Aug. 6, 2010) (same); *Tietsworth v. Sears*, 720 F. Supp. 2d 1123,

4  1146 (N.D. Cal. 2010).

5  **VI.   THE COURT SHOULD GRANT SIE'S MOTION TO DISMISS AND STRIKE.**

6      **A.   Plaintiff Fails to Sufficiently Plead a Federal Equal Pay Act Claim.**

7          **1.   The Court Should Dismiss Plaintiff's Federal EPA Claim Because She
              Simply Recites the Elements of the Claim With No Supporting Facts.**

8

9          Plaintiff seeks to represent a nationwide Federal EPA collective on behalf of all females

10  or individuals who identify as female at SIE, but she utterly fails to include any factual allegations

11  to support her own Federal EPA claim, let alone a collective claim. The EPA requires men and

12  women *in the same workplace establishment* be given "equal pay for equal work." *Gunther v.

13  Washington Cty*., 623 F.2d 1303, 1309 (9th Cir. 1979), *aff'd*, 452 U.S. 161 (1981). A plaintiff has

14  the burden of showing the skill, effort, and responsibility required in performing a job between a

15  female and a male comparator is "substantially equal." *Id*.

16          Following the precise rubric upon which courts dismiss Federal EPA claims at the

17  pleading stage—Plaintiff simply recites the elements of the claim.[3] *See* FAC, ¶¶ 58-59, 73 ("the

18  putative FLSA class members "(a) were not compensated equally to male employees who had

19  substantially similar job classifications, functions, titles, and/or duties, (b) were not compensated

20  equally to male employees who performed substantially similar work, and/or (c) were denied

21  equal compensation to similarly situated male employees…who performed substantially similar

22  work and had substantially similar experience…Plaintiff and the Nationwide Class are similarly

23  situated with respect to their claims that Sony paid and promoted them less than their male

24  counterparts…Plaintiff's claims are similar to the claims of the Nationwide Class members.").

25  _____
[3] *See e.g., Lehman v. Bergmann Assocs., Inc., 11 F. Supp*. 3d 408, 420 (W.D.N.Y. 2014). Vague
26  and conclusory allegations will not save an Equal Pay Act claim. *Fairchild v. Quinnipiac Univ*.,
    16 F. Supp. 3d 89, 96 (D. Conn. 2014). *See also Arafat v. Sch. Bd. of Broward Cty*., 549 F. App'x
27  872, 875 (11th Cir. 2013) (Reciting the elements of an EPA does not state a claim); *Unger v. City
    of Mentor*, 387 F. App'x 589, 595 (6th Cir. 2010) (same); *Solomon v. Fordham Univ*., 2020 WL
28  1272617, at *13 (S.D.N.Y. Mar. 17, 2020) (same); *Kairam v. W. Side GI, LLC*, 793 F. App'x 23,
    26 (2d Cir. 2019) (same).

Plaintiff does not describe the work she or other class members performed and does not name any specific male comparators. She does not allege how her work, or the work of other class members, was equal to any male allegedly paid more than her, nor does she allege facts describing the required skill, effort, and responsibility of the work she, other class members, or any alleged comparators performed. She also does not allege facts showing the unnamed jobs at issue were performed under similar working conditions *or at the same workplace establishment*. ***Such paucity of facts is fatal to both her individual and collective EPA claim***. It is not enough to simply state males were paid more for the same work. *See Wade v. Morton Bldgs., Inc*., No. 09-1225, 2010 WL 378508, at *6 (C.D. Ill. Jan. 27, 2010).[4] Indeed, Plaintiff's failure to identify a single male comparator who received a higher salary than her or any alleged class member is, on its own, fatal to her claim. *See Rivera v. Children's & Women's Physicians of Westchester, LLP,* No. 16-CIV-714 (PGG) (DCF), 2017 WL 1065490, at *11 (S.D.N.Y. Mar. 18, 2017) (dismissing EPA claim where plaintiff did not identify a comparator).[5]

And while job titles are not determinative in adjudicating an EPA claim, *see E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 255, 258 (2d Cir. 2014),[6] Plaintiff fails to provide even her own job title in support of her flawed theory. Indeed, other than passing references to working in the SGRC department (with no descriptions of what that department does), and having an

---

[4] *See also Rose v. Goldman, Sachs & Co*., 163 F. Supp. 2d 238, 244 (S.D.N.Y. 2001) (dismissing EPA claim where complaint contains "nothing more than bald assertions that she and male employees ... received disparate wages for substantially equal jobs under similar working conditions"); *Werst v. Sarar USA Inc*., No. 17-CV-2181 (VSB), 2018 WL 1399343, at *8 (S.D.N.Y. Mar. 16, 2018) (dismissing EPA claim where plaintiff did not allege she was in same position or equally skilled or experienced as comparator); *Hernandez v. Premium Merch. Funding One, LLC,* No. 19-CV-1727, 2020 WL 3962108, at *15 (S.D.N.Y. July 13, 2020) (same); *Adams v. Northstar Location Servs., LLC,* No. 09-CV-1063, 2010 WL 3911415, at *6 (W.D.N.Y. Oct. 5, 2010) (same).

[5] *See also Suzuki v. State Univ. of New York Coll. at Old Westbury,* No. 08-CV-4569 (TCP), 2013 WL 2898135, at *4 (E.D.N.Y. June 13, 2013) (dismissing EPA claim where plaintiff identified no comparator); *Wang v. Gov't Employees Ins*. Co., No. 15-CV-1773 (JS) (ARL), 2016 WL 11469653, at *7 (E.D.N.Y. Mar. 31, 2016) (finding Plaintiff did not plausibly allege EPA claim where she alleged only widespread practice of paying women less than men.).

[6] *See also* 29 C.F.R. § 1620.13(e) ("Job titles…provide very little guidance" in EPA context); *Verdone v. Am. Greenfuels, LLC*, No. 3:16-CV-01271 (VAB), 2017 WL 3668596, at *5 (D. Conn. Aug. 24, 2017) (quoting *Port Auth. of N.Y. & N.J.*, 768 F.3d at 256)("The plaintiff must make specific allegations 'about the actual content of the work done' and cannot res[t] on 'broad generalizations drawn from job titles and divisions.'").

- 9 -

1   unidentified subordinate employee (FAC, ¶¶ 71, 73), Plaintiffs alleges **no facts** about the work

2   she or any alleged male comparator performed, which plainly fails to state an EPA claim. *See*

3   *Kairam v. W. Side GI, LLC*, 793 F. App'x 23, 26 (2d Cir. 2019*; see also Hernandez v. Premium*

4   *Merch. Funding One, LLC,* No. 19-CV-1727, 2020 WL 3962108, at *15 (S.D.N.Y. July 13,

5   2020). Instead, Plaintiff alleges only in conclusory fashion that female employees "were not

6   compensated equally to male employees who had substantially similar job classifications,

7   functions, titles, and/or duties," without alleging a single fact describing those classifications,

8   functions, titles and/or duties. FAC, ¶ 58.

9        Plaintiff does not even allege facts plausibly showing her knowledge of how SIE conducts

10   its business in any locations other than her own. Instead, she simply alleges **upon information**

11   **and belief**, that SIE's allegedly discriminatory employment practices, policies, and procedures are

12   "centrally established and implemented at the highest levels of Sony" are "not unique or limited

13   to any location; rather, they apply uniformly and systematically to employees throughout Sony,

14   occurring as a pattern and practice throughout all locations." *Id*., ¶¶ 19-20 (emphasis added).

15   This textbook conclusory allegation is not plausible on its face. *See Bush v. Vaco Tech. Servs.,*

16   *LLC*, No. 17-CV-05605-BLF, 2019 WL 3290654, at *5 (N.D. Cal. July 22, 2019) ("many of her

17   allegations lack factual support from which the Court could infer their applicability to a broader

18   class"). It also is insufficient for purposes of proving an EPA collective claim, which depend on

19   showing *with common evidence* an employer pays an entire class of women less than men who

20   perform equal work: EPA claims do not depend upon proving a discriminatory pattern or practice.

21   *See Bauer v. Curators of Univ. of Mo.*, 680 F.3d 1043, 1045 (8th Cir. 2012) (noting intent not

22   relevant Federal EPA claim). The Court should dismiss this claim without leave to amend,

23   including because Plaintiff admits she has no knowledge of how SIE conducts its business in

24   locations outside her own, and thus cannot credibly allege she is similarly situated to the class she

25   seeks to represent. *See Steckman v. Hart Brewing*, 143 F.3d 1293, 1298 (9th Cir. 1998) (pleadings

26   may be dismissed without leave to amend where amendment "would be an exercise in futility").

27        **2.     Plaintiff Fails to Allege a Collective Action is Procedurally Proper.**

28   Plaintiff asks this Court to designate "this [EPA] action as a collective action on behalf of

SIE'S NOTICE OF MOTION AND MOTION
TO DISMISS AND STRIKE 3:21-cv-09054-LB

1    the Nationwide Class and promptly issue notice and toll the statute of limitations on the claims of

2    all class members of the Nationwide class" but alleges no facts suggesting collective treatment is

3    appropriate. FAC, ¶ 17. An employee may bring a collective action under the FLSA on behalf of

4    other "similarly situated" employees. 29 U.S.C. § 216(b). Determining whether a collective action

5    is appropriate is within the discretion of the district court. *Rivera v. Saul Chevrolet, Inc.*, No. 16-

6    CV-05966-LHK, 2017 WL 3267540, at *2 (N.D. Cal. July 31, 2017). Most courts follow a two-

7    step approach to determine whether employees in a proposed collective are "similarly situated"

8    for purposes of FLSA certification. *Johnson v. Q.E.D. Env't. Sys. Inc.*, No. 16-CV-01454-WHO,

9    2017 WL 1685099, at *3 (N.D. Cal. May 3, 2017).

10   The first step focuses on whether similarly situated opt-in plaintiffs exist, and thus

11   whether a collective action should be certified for the purpose of sending notice to potential

12   collective action members. *Id*. This showing "cannot be satisfied simply by 'unsupported

13   assertions,'..." *Barrett v. Forest Lab'ys, Inc*., No. 12 CV. 5224 RA MHD, 2015 WL 5155692, at

14   *2 (S.D.N.Y. Sept. 2, 2015).[7] At the second step, it is Plaintiffs' burden to present substantial

15   allegations that putative collective members were subject to "an illegal policy, plan, or decision,

16   by showing that there is some factual basis beyond the 'mere averments' in the complaint."

17   *Johnson*, 2017 WL 1685099, at *3; *Rivera*, 2017 WL 3267540, at *3.

18   Plaintiff simply proclaims, without alleging how or why, that the class is similarly

19   situated. Although courts evaluating Federal EPA claims focus on "the congruity and equality of

20   actual job content between the plaintiff and comparator," which requires "micro-level – rather

21   than macro-level" comparisons, the FAC provides ***no facts*** to suggest the Court could avoid such

22   an individualized, arduous exercise here. *See Kassman v. KPMG LLP*, 416 F. Supp 3d 252, 289-

23   90 (S.D.N.Y. 2018) (decertifying EPA collective action because individualized inquiries were

24   necessary to assess class members against 1,100 proposed male comparators, adjudicate 1,100

25

26   _____

     [7] "Determining whether proposed class members are similarly situated is fact specific," and
27   courts consider: "(1) whether there is evidence…the alleged activity was part of an institution
     wide practice; (2) the extent of similarities among the [proposed class] in particular whether
28   the[y] all are challenging the same employment practice; and (3) the extent to which the members
     of the proposed action will rely on common evidence." *Trinh v. JP Morgan Chase & Co.*, No. 07-
     CV-1666 W(WMC), 2008 WL 1860161 at *3 (S.D. Cal. April 22, 2008).

SIE'S NOTICE OF MOTION AND MOTION
                                        TO DISMISS AND STRIKE 3:21-cv-09054-LB

1   equal work questions, and address KPMG's affirmative defenses, which was "impractical if not

2   impossible").[8] Because Plaintiff does not sufficiently allege conditional certification is even a

3   remote or realistic possibility, the Court should dismiss or strike her request to conditionally

4   certify an EPA collective action.

5                    **B.      Plaintiff's Rule 23 California Equal Pay Act Claim Fails Because She Recites
                                Only the Legal Elements and Provides Conclusory Allegations, But Alleges**
6                               **No Facts.**

7              As with Plaintiff's Federal EPA claim, the Court should dismiss Plaintiff's California

8   EPA claim because Plaintiff alleges no facts in support of this claim, but instead simply recites

9   the claim's elements and makes conclusory allegations. *See* FAC, ¶¶ 13, 92 (alleging only that

10  SIE paid her and other proposed class members "less than the wage rates paid to its male

11  employees for substantially equal or similar work, when viewed as a composite of skill, effort,

12  and responsibility, and performed under similar working conditions"). Yet Plaintiff alleges ***no***

13  ***facts*** demonstrating SIE paid higher wages to an employee (or employees) of a different sex for

14  "substantially similar work when viewed as a composite of skill, effort, and responsibility, and

15  performed under similar working conditions"—as required under the California EPA. *See Hall v.*

16  *Cty. of Los Angeles*, 148 Cal. App. 4th 318, 323 (2007); Cal. Lab. Code § 1197.5. As discussed in

17  section VI(A)(1), *supra*, Plaintiff alleges no facts describing the work she (or any putative class

18  member) performed, or how it was substantially similar to any male comparator's work under the

19  relevant legal standard. Plaintiff's bare legal conclusions cannot substitute for the required factual

20  allegations. *See, e.g., Wade v. Morton Bldgs., Inc.*, 2010 WL 378508, at *6 (dismissing EPA

21  complaint where plaintiff alleged "only that a male employee performed the same work for more

22  pay," an unsupported recitation of the EPA Act elements).[9]

23            Additionally, as explained above, Plaintiff fails to identify any male comparator paid more

24  _____

25  [8] See also *O'Reilly v. Daugherty Sys., Inc.*, Case No. 4:18-cv-01283 SRC, 2021 WL 4514293, at
    *10 (E.D. Mo. Sept. 30, 2021) (decertifying EPA collective action because whether defendant
    "[paid] male employees more than similarly-situated female[s]…would result in 20 mini-trials").

26  [9] Although the California EPA recently has been amended, including to broaden the comparator
27  standard from "equal work" to "substantially similar" work and change the elements of employer
    affirmative defenses, it nevertheless is based on the federal EPA, and therefore "in the absence of
    California authority, it is appropriate to rely on federal authorities construing the federal statute."
28  *Green v. Par Pools, Inc.*, 111 Cal. App. 4th 620, 623 (2003); *see also* Cal. Lab. Code § 1197.5.

SIE'S NOTICE OF MOTION AND MOTION
                                        TO DISMISS AND STRIKE 3:21-cv-09054-LB

1   than her (or any other would-be class member) for performing substantially similar work—which

2   also dooms her California EPA claim. *Hall*, 148 Cal. App. 4th at 323-25. Classwide treatment is

3   especially inappropriate; she alleges no facts anywhere in the FAC about anyone but herself, and

4   certainly fails to identify how any purported class member was paid less than any male for work

5   that is substantially similar.

6           **C.      Plaintiff's Rule 23 FEHA Discrimination Claims Fail.[10]**

7           Despite asserting both individual and classwide FEHA discrimination claims based on

8   theories of both disparate treatment and disparate impact discrimination, Plaintiffs fails to allege

9   facts to support either legal theory, on an individual or classwide basis. FAC, ¶¶ 15, 34.

10          ***Disparate Treatment***. Plaintiff fails to plead facts essential to support her FEHA

11  discrimination claim, either as to herself, or the proposed class, and instead alleges only

12  conclusory statements rather than "circumstance[s] suggest[ing] discriminatory motive" grounded

13  in the conduct of which she complains. *See Cucuzza v. City of Santa Clara*, 104 Cal. App. 4th

14  1031, 1038 (2002).[11] Plaintiff alleges female employees are "subjected to continuing unlawful

15  disparate treatment in pay and work opportunities" and that SIE "maintains [unidentified] policies

16  and practices" that result in males being favored in promotion and pay. *See FAC* ¶¶, 15, 113. This

17  is not enough. *Iqbal*, 556 U.S. at 678 (a complaint tendering "naked" assertions "devoid" of

18  factual support is defective). She alleges no facts suggesting she was qualified to receive a

19  promotion or higher pay. She fails to identify any other female who was allegedly not promoted

20  or denied "equal payment."  She makes no mention that any female (including herself) was

21  denied a promotion for which they were qualified. She identifies no males given promotions to

22  which she or another female was allegedly entitled. Her pay discrimination claim also fails to

23  state a claim for the reasons explained in section VI(A)(1), *supra*. Indeed, the FAC is devoid of

24  _____

25  [10] "Because of the similarity between [the FEHA] and federal employment discrimination laws, California courts look to pertinent federal precedent when" analyzing claims of discrimination under FEHA. *Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 354 (2000). *See also Harris v. Civ. Serv. Comm'n.*, 65 Cal. App. 4th 1356, 1366 (1998).

26

27  [11] The elements of an intentional FEHA discrimination claim include Plaintiff (1) is a member of a protected class; (2) suffered an adverse employment action; (3) performed her job competently in the position held; and (4) some other circumstance suggesting discriminatory motive based on the protected class. *See Cucuzza v. City of Santa Clara*, 104 Cal. App. 4th 1031, 1038 (2002).

28

1    *any* factual allegations suggesting discriminatory animus motivated any of the employment

2    actions of which Plaintiff complains.

3        ***Disparate Impact***. Rather than identify a specific policy or practice Plaintiff claims has a

4    disparate impact on female employees, she simply proclaims in conclusory fashion: "Sony's

5    policies and procedures have an ongoing disparate impact on female employees;" "Sony's

6    policies and practices are not valid, job-related, or justified by business necessity;" and

7    "[a]lternative, objective, and more valid procedures are available to Sony that would avoid such a

8    disparate impact on female employees." FAC, ¶¶ 15, 18. These conclusory statements are

9    insufficient to survive a motion to dismiss. Indeed, it is "not enough to simply allege that there is

10   a disparate impact on workers, or point to a generalized policy that leads to such an impact." *See*

11   *Smith v. City of Jackson*, 544 U.S. 228, 241 (2005). Plaintiff must isolate and identify the specific

12   employment practices allegedly responsible for any disparate impact. *Wards Cove Packing Co. v.*

13   *Atonio*, 490 U.S. 642, 656 (1989), *superseded by statute on other grounds*, 42 U.S.C. § 2000e–

14   2(k) (*quoting Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 994 (1988)).[12]

15       In fact, Plaintiff complains it is precisely the *lack of common procedures* that drive

16   discrimination at SIE. *See* FAC, ¶¶ 16-18 (SIE's "policies, practices, and procedures *lack*

17   *sufficient standards…and oversight…other objective*…procedures are available."); *id*., ¶ 76 ("HR

18   loses track of females seeking promotion"); *id*. ¶ 75 (more males promoted through "off-cycle"

19   process—*i.e.*, in one-off promotions). Plaintiff's sweeping proclamations about nationwide,

20   broadly-applicable discriminatory policies are simply not plausible in the face of such allegations.

21                  **1.    Plaintiff Does Not Sufficiently Allege FEHA Harassment.**

22       Plaintiff does not state an actionable claim for sex-based harassment under FEHA because

23   her claims are grounded in unactionable personnel management actions such as demotions,

24   termination, and promotions, which cannot form the basis of a harassment claim within the

25   meaning of FEHA.[13] *See Reno v. Baird*, 18 Cal. 4th 640, 647 (1998) (*quoting Janken v. GM*

---

26   [12] *See also Meacham v. Knolls Atomic Power Lab'y*., 554 U.S. 84, 101 (2008); *Am. Fed'n of*
27   *State, Cty., & Mun. Emps., AFL-CIO (AFSCME) v. State of Wash*., 770 F.2d 1401, 1405 (9th Cir.
     1985) (citing cases).

28   [13] Plaintiff must allege: (1) she is a member of a protected class; (2) she was subjected to
     unwelcome harassment; (3) the harassment was based on her protected class; and (4) the

SIE'S NOTICE OF MOTION AND MOTION
                                                 TO DISMISS AND STRIKE 3:21-cv-09054-LB

1    *Hughes Elecs.*, 46 Cal. App. 4th 55, 64-65 (1996)).

2         A harassment plaintiff must plead facts establishing her workplace was "permeated with

3    discriminatory intimidation, ridicule and insult" which was "sufficiently severe or pervasive to

4    alter the conditions of [her] employment and create an abusive working environment." *Kelly-*

5    *Zurian v. Wohl Shoe Co.*, 22 Cal. App. 4th 397, 409 (1994). Plaintiff alleges no such facts.

6    Instead, she alleges only that SIE managers engaged in unactionable personnel management

7    activity—failure to promote, job assignments, and termination. Such allegations track nearly

8    verbatim conduct the California Supreme Court has held is insufficient to state a FEHA

9    harassment claim. *Compare* FAC, ¶¶73-78 (Plaintiff assigned to different department, not

10   promoted, and effectively demoted) and ¶ 113 ("…preventing females from being

11   promoted…and receiving equal payment") *with Reno*, 18 Cal. 4th at 646-47 ("… hiring and

12   firing, job or project assignments…promotion or demotion…the assignment or non-assignment of

13   supervisory functions… do not come within the meaning of harassment.").

14        Even had Plaintiff alleged actionable harassment as to herself—and she does not—she

15   certainly fails to sufficiently plead classwide harassment. She provides no allegations whatsoever

16   that she or any other female was subjected to a work environment "permeated with discriminatory

17   intimidation, ridicule and insult" which was "sufficiently severe or pervasive to alter the

18   conditions of [her] employment and create an abusive working environment." *Kelly-Zurian*, 22

19   Cal. App. 4th at 409 (1994). This claim should be dismissed or stricken because it is not

20   actionable as pled.

21              **2.    Plaintiff's Failure to Prevent Claim is Not Sufficiently Pled.**

22        Plaintiff's claim for failure to prevent discrimination or harassment should be dismissed

23   because she does not plead sufficient facts to plausibly suggest such discrimination or harassment

24   occurred (let alone that SIE knew or should have known about it and failed to prevent it). Absent

25   actionable discrimination or harassment, California does not recognize a separate cause of action

26   for failure to prevent. *See* 2 Cal. Code Regs. § 11023(a)(2); *Lee v. Eden Med. Ctr.*, 690 F. Supp.

27
     harassment unreasonably interfered with her work performance by creating an intimidating,
28   hostile or offensive work environment.  *See Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th
     264, 277-79 (2006).

SIE'S NOTICE OF MOTION AND MOTION
                                          TO DISMISS AND STRIKE 3:21-cv-09054-LB

1   2d 1011, 1025 (N.D. Cal. 2010) ("[B]ecause Plaintiff has not supported her FEHA claims of

2   discrimination or harassment…her claim [for] failure to prevent fails as well.")

3   ### 3.      Plaintiff's Unpaid Wages Claim Is Not Properly Pled.

4           Plaintiff does not allege SIE failed to pay her or proposed class members for all hours

5   worked at the rate at which she or they agreed to be paid (*i.e.*, all wages earned). Consequently,

6   she fails to plead essential facts to support her unpaid wages claim: that SIE failed to pay all

7   wages earned upon termination and that any failure to immediately pay wages earned upon

8   termination or quit was intentional. *See* Cal. Lab. Code §§ 201-204; *Kao v. Holiday*, 12 Cal. App.

9   5th 947, 962 (2017). Instead, Plaintiff bases her claim for failure to pay final wages entirely on

10  her assertion of pay discrimination in violation of the California EPA. FAC, ¶ 137. Yet because

11  Plaintiff has failed to plead facts sufficient to sustain her California EPA clam, her claim for

12  unpaid wages similarly fails. *See* section VI(B), *supra.* More fundamentally, the "facts" Plaintiff

13  does plead are untethered to the elements of Sections 201-203, confirming the claim must be

14  dismissed. *See Viana v. FedEx Corp. Servs., Inc.*, 728 F. App'x 642, 645 (9th Cir. 2018)

15  (affirming summary judgment on Section 201-204 claims because the theory employee would

16  have earned more but for discrimination "does not give rise to a claim for unpaid wages").

17  ### D.      The Court Should Strike the Class Allegations Because Plaintiff Alleges No Facts Suggesting She Can Satisfy the Rule 23 Procedural Requirements.

18

19          Plaintiff asks this Court "for an order certifying this action as a class action" (FAC, Prayer

20  for Relief, ¶ 7), but alleges no facts to support that class treatment is appropriate, *i.e.*, that she can

21  meet the requirements of Rule 23. The Court's authority to dismiss class claims is written into

22  Rule 23: "the court may issue orders that . . . require that the pleadings be amended to eliminate

23  allegations about representation of absent persons and that the action proceed accordingly." Fed.

24  R. Civ. P. 23(d)(1)(D). *See also Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 213 (9th Cir. 1975).[14]

25

26  ---
    [14] *See e.g.*, *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009) (striking class
    allegations); *Ramirez v. Baxter Credit Union*, No. 16-cv-03765-SI, 2017 WL 1064991, at *8

27  (N.D. Cal. Mar. 21, 2017) (same); *Shabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205,
    1211 (C.D. Cal. 2008); *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 213 (9th Cir. 1975) (district

28  court properly granted motion to dismiss and strike class allegations); *Palmer v. Combined Ins.
    Co.*, No. 02 C 1764, 2003 WL 466065, *2 (N.D. Ill. Feb. 24, 2003) (proper to strike class

SIE'S NOTICE OF MOTION AND MOTION
TO DISMISS AND STRIKE 3:21-cv-09054-LB

To maintain a class action, Plaintiff must satisfy the Rule 23(a) requirements of numerosity, commonality, typicality, and adequate representation and satisfy at least one 23(b) requirement. Where, as here, the complaint is devoid of factual allegations upon which the Court can draw a reasonable inference of liability, a plaintiff does not meet that burden. *See e.g.*, *Flores v. Starwood Hotels & Resorts Worldwide, Inc.*, No. SACV 14-1093 AG (ANX), 2015 WL 12912337, at *4 (C.D. Cal. Mar. 16, 2015) ("Plaintiffs do not demonstrate…knowledge of, or reasonable belief concerning, the employment practices across departments at their own work sites, let alone across other California locations…. Because Plaintiffs have failed to allege such basic facts, the Court cannot draw" a reasonable inference of liability).

### 1.   Plaintiff's Unascertainable Class Should be Stricken.

As defined, the class is hopelessly unascertainable as the Court will have no manageable way to determine who "identifies as female." Courts require the class definition be precise, objective and presently ascertainable. *Whiteway v. FedEx Kinko's Off. & Print Svcs.*, No C 05-2320 SBA, 2006 WL 2642528, at *3 (N.D. Cal. Sept. 14, 2006). Here, Plaintiff's class definition includes, in addition to all females at SIE, all "individuals employed by [SIE] in California …who…identify as female." FAC, ¶ 23. How will the Court determine who falls within this group? Plaintiff declares this can be gleaned from reviewing email signature blocks. *Id.*, ¶ 4, fn.1. But this proposed solution requires the highly-burdensome and individualized exercise of reviewing all employees' email signature blocks and assumes people always include such information therein. Plaintiff alleges no facts to suggest this is true, and it "is not…proper for a court to assume that [a] plaintiff can prove facts…not alleged." *Twombly*, 550 U.S. at 563 n.8 (*quoting Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983)). Plaintiff has simply failed to allege any manageable way to ascertain who belongs in the class.

### 2.   Plaintiff Alleges No Facts Suggesting She Can Establish Adequacy.

Plaintiff's allegations confirm she is not an adequate class representative because the class

---

allegations when "possible to determine…[the Rule 23] requirements cannot possibly be met"); *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) (same).

SIE'S NOTICE OF MOTION AND MOTION
TO DISMISS AND STRIKE 3:21-cv-09054-LB

1   definition necessarily sweeps in members with whom she has a direct conflict of interest—female

2   managers. The Rule 23 adequacy requirement "requires the Court to make two determinations:

3   (1) whether the named plaintiffs and their counsel have any conflicts of interest with other class

4   members and (2) whether the named plaintiffs and their counsel will "prosecute the action

5   vigorously on behalf of the class[.]'" *Benedict v. Hewlett-Packard Co*., 314 F.R.D. 457, 471

6   (N.D. Cal. 2016) (*citing Ellis v. Costco Wholesale Corp*., 657 F.3d 970, 985 (9th Cir. 2011).[15]

7        Plaintiff asks this Court for an order certifying a class for her California EPA, FEHA, and

8   derivative claims. But the crux of her claims is that SIE *managers* discriminatorily failed to

9   promote women, thus decision-making by managers is at the heart of this litigation. Plaintiff has a

10  direct conflict of interest with female manager class members; she cannot purport to represent

11  them, while simultaneously accusing them of potential wrongdoing.[16] *See Randall v. Rolls-Royce*

12  *Corp*., 637 F.3d 818, 824 (7th Cir. 2011); *Wagner v. Taylor,* 836 F.2d 578, 595 (D.C. Cir. 1987);

13  *Moussouris v. Microsoft Corp.*, No. C15-1483JLR, 2018 WL 3328418 at * 29 (W.D. Wash. June

14  25, 2018); *Donaldson v. Microsoft Corp.*, 205 F.R.D. 558, 568 (W.D. Wash. 2001).

15          **3.**     **Plaintiff Alleges No Facts Suggesting She Can Satisfy the**
                 **Commonality Requirement.**

16

17       Plaintiff alleges no specific facts to support that her individual experiences at SIE

18  reflected that of any other female, nor does she identify any policy, practice or procedure that

19  

---

20  [15] Plaintiff alleges she has "retained counsel sufficiently qualified, experienced, and able to
conduct this litigation and to meet the time and fiscal demands required to litigate an employment

21  discrimination class action of this size and complexity," but the FAC does not allege counsel has
ever led a complex discrimination class action such as this. FAC, ¶ 46.

22  [16] Plaintiff similarly fails to allege she can satisfy the Rule 23 typicality requirement; though the
facts she does allege confirm she cannot. To begin, because she has a direct conflict with female

23  managers, her interests are not "sufficiently aligned with those of class members..." *Alvarado v.
Wal-Mart Assocs*., Inc., No. 220CV01926ABKKX, 2021 WL 6104234, at *10 (C.D. Cal. Nov. 3,

24  2021). Additionally, Plaintiff has not pled facts demonstrating her "claims or defenses…are
typical of the claims or defenses of the class" either as to her EPA or FEHA claims. *Puffer v.*

25  *Allstate Ins. Co.*, 255 F.R.D. 450, 468-469 (N.D. Ill. 2009), *aff'd*, 675 F.3d 709 (7th Cir. 2012)
(typicality not met in EPA and Title VII and pay and promotion discrimination case because

26  "defenses would vary between class members. For example, if [defendant] sought to present
evidence that a class member's job performance was the legitimate, nondiscriminatory reason for

27  her salary or job position, such evidence would differ for each individual class
member..[w]here…a court would have to examine numerous individualized factors to determine

28  the parameters of individual claims, the typicality requirement is not met.")

    SIE'S NOTICE OF MOTION AND MOTION
TO DISMISS AND STRIKE 3:21-cv-09054-LB

1   raises common issues of law or fact. Rule 23 commonality demands a plaintiff to show "there are

2   questions of law or fact common to the class." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349

3   (2011). "What matters to class certification ... is not the raising of common 'questions'—even in

4   droves—but rather, the capacity of a class-wide proceeding to generate common answers apt to

5   drive the resolution of the litigation..." *Id.* at 350. Plaintiff must allege a "common contention...of

6   such a nature that it is capable of classwide resolution...determination of its truth or falsity will

7   resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*

8                          a.       <u>California EPA</u>

9          Plaintiff alleges no facts to support commonality can be established for her California

10  EPA claim. To the contrary, she asserts the allegedly common facts include "whether Sony has:

11  (a) intentionally held back female employees on its pay scale because Sony does not provide the

12  same opportunities for advancement; (b) used a compensation system that lacks appropriate

13  standards, implementation metrics, quality controls, transparency, and opportunities for redress;

14  (c) relied on compensation criteria that perpetuate discrimination; (d) compensated female

15  employees less than similarly-situated male employees in salary and/or promotions." *Id.*, ¶ 35.

16         None of these allegedly "common" facts address the questions relevant to a California

17  EPA claim: whether men and women are paid equally for "substantially similar work, when

18  viewed as a composite of skill, effort, and responsibility, and performed under similar working

19  conditions" and whether any wage differential among individuals performing substantially similar

20  work was due to "a seniority system; merit system; system that measures earnings by quantity or

21  quality of production; or a bona fide factor other than sex." Cal. Lab. Code § 1197.5. Nor does

22  Plaintiff even attempt to explain how common evidence *could* prove the California EPA claim as

23  to the class. Because Plaintiff alleges no facts regarding her own (or any class member's) work,

24  or how it allegedly compares to higher-paid males, Plaintiff renders impossible the discovery of

25  common answers to the questions that matter. Moreover, because answering such inquiries will

26  be highly individualized, any attempt at amendment will be futile. *See Kassman*, 416 F. Supp. 3d

27  at 289-90 (decertifying EPA collective action because individualized inquiries were needed to

28  assess class members against 1,100 proposed male comparators, adjudicate 1,100 equal work

1    questions, and address KPMG's affirmative defenses, which was "impractical if not impossible.")

2                              **b.      FEHA**

3            With regard to Plaintiff's FEHA discrimination and harassment claims, she alleges only

4    facts about her own experiences at SIE, but no facts about class members having the same

5    experiences, *i.e.*, that there are issues of law and fact common to the class. *See* FAC, ¶¶ 68-71,

6    73-76. Other than the conclusory statements littered throughout the FAC that some unidentified

7    "discriminatory policies, practices, and procedures" cause females, and those who identify as

8    female, to be promoted and paid less than unidentified "similarly situated males," she identifies

9    no *specific* practice, policy, or procedure that binds the claims of the class. *See, e.g.,* FAC, ¶¶ 16-

10   18, 68-71, 73-76.

11           Plaintiff alleges the common issues of *law* are whether SIE's unidentified policies,

12   practices, and procedures are discriminatory, and whether a lack of transparency, and standards

13   governing its policies violate FEHA. *See* FAC, ¶ 34. She alleges the common questions of *fact*

14   are whether SIE discriminated in promotion and pay, and whether a lack of transparency and

15   standards resulted in discrimination in the same. *See Id.*, ¶ 35. Neither address whether there are

16   common ***answers*** as to whether or why any specific class members experienced discrimination or

17   harassment. Plaintiff's overbroad allegations and theories negate that possibility.

18           What's more, Plaintiff's own allegations imply that discretion and subjectivity in pay and

19   promotion decisions lead to discrimination at SIE. *See* FAC, ¶¶ 16-18 (SIE's "policies, practices,

20   and procedures ***lack*** sufficient ***standards***…and ***oversight***…other ***objective***…procedures are

21   available.") (emphasis added). But this is "the opposite of a uniform employment practice that

22   would provide the commonality needed for a class action." *Dukes*, 564 U.S. at 355. "Without

23   some glue holding the alleged reasons for all those [employment] decisions together, it will be

24   impossible to say that examination of all the class members' claims for relief will produce a

25   common answer to the crucial question *why was I disfavored*." *Id.* at 352 (emphasis in original).

26           Similarly, while Plaintiff simply declares, with no supporting facts, that SIE's allegedly

27   discriminatory policies, practices, and procedures have a disparate impact on women in pay and

28   promotion, she identifies no specific policy. But it is "is all the more necessary" to identify a

- 20 -          SIE'S NOTICE OF MOTION AND MOTION
                TO DISMISS AND STRIKE 3:21-cv-09054-LB

specific policy or practice that leads to disparate impact "when a class of plaintiffs is sought to be certified." *Id.* at 357 (discussing Title VII disparate impact claim).

### 4. Plaintiff Alleges No Facts Suggesting She Can Show Predominance.

Plaintiff fails to allege facts demonstrating common evidence can prove the class claims— *i.e.*, that she can satisfy the Rule 23(b)(3) predominance requirement. "The 'predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Benedict*, 314 F.R.D. at 474 (*citing Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016)). "An individual question is one where 'members of a proposed class will need to present evidence that varies from member to member[.]'" *Id.*

#### a. California EPA

Plaintiff's unbounded class cannot meet the predominance requirement because the evidence necessary to prove the California EPA claim will differ from class member to class member. Establishing who performs substantially similar work will be a highly-individualized inquiry, requiring an examination of whether the skill, efforts, and responsibility required in the performance of the jobs between each class member and male comparator is substantially similar. *Gunther*, 623 F.2d at 1309, *aff'd*, 452 U.S. 161 (1981). Individualized evidence about actual job performance and content—not titles or classifications—is determinative, and there is no way to shortcut such analysis. *Id*.

#### b. FEHA

Similarly, the evidence necessary to prove Plaintiff's FEHA claims will be highly individualized because, other than conclusory allegations, Plaintiff does not identify a policy, practice or procedure that determines, on a classwide basis, whether and why any women were discriminated against in pay and promotions—one will have to go promotion and pay decision, by promotion and pay decision. *See* section VI(D)(3)(b), *supra*.

### 5. Plaintiff Fails to Allege Facts Showing a Class Action Will be Manageable.

#### a. California EPA

Plaintiff pleads no facts to suggest that proving who performs substantially similar work

SIE'S NOTICE OF MOTION AND MOTION
TO DISMISS AND STRIKE 3:21-cv-09054-LB

1   (and whether those who do are paid differently) can be done in a manageable way that will not

2   result in endless mini-trials. The FAC likewise provides no possibility that SIE's affirmative

3   defenses can be managed on a classwide basis. SIE has a due process right to put on evidence as

4   to the reasons for any wage disparities among males and females performing substantial similar

5   work—including testimony from the individual managers who made any relevant pay decisions at

6   issue. *See Duran v. U.S. Bank Nat'l Ass'n*, 59 Cal. 4th 1, 28-29 (2014). The FAC is silent on how

7   this can be done in a manageable way that will not tie up this Court and a jury for months on end.

8   b.   **FEHA**

9   The FAC provides not even a hint as to how the evidence necessary to prove Plaintiff's

10   FEHA claims will be managed. She alleges no facts showing she is similarly situated to the class,

11   nor does she identify a policy, practice or procedure that establishes women were discriminated

12   against on a classwide basis. Even assuming Plaintiff established her *prima facie* case, the FAC

13   says nothing of how SIE's affirmative defenses (whether any class member's disparity in pay or

14   promotion of was justified by legitimate, nondiscriminatory reason) can be handled in a

15   manageable way. *See, e.g., Guz*, 24 Cal. 4th at 354.

16   E.   **Plaintiff Fails to State Derivative UCL and PAGA Claims**[17]

17   Because Plaintiff's UCL claim is entirely derivative of her substantive claims, and

18   because the alleged violations for which she seeks penalties under PAGA are based on her

19   substantive claims [*see* FAC, ¶¶ 114, 128], her UCL and PAGA claims must be dismissed

20   because the predicate claims are not properly pled.  *See Reyna v. WestRock Co.*, No. 20-CV-

21   01666-BLF, 2020 WL 5074390, at *12 (N.D. Cal. Aug. 24, 2020); sections VI(A)(1) and VI(B)-

22   (C), *supra*.[18]

23   Additionally, Plaintiff alleges no facts demonstrating manageability. And for the same

24

25   [17] To the extent Plaintiff seeks penalties under the UCL, they are not recoverable. *See Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 950 (2002). Moreover, to the extent Plaintiff seeks to recover unpaid
26   wages through her PAGA claim (based on, for example, her EPA claim), PAGA does not provide for recovery. *See ZB, N.A. v. Superior Court*, 8 Cal. 5th 175, 185-86 (2019).

27   [18] An UCL action "borrows" violations of other laws and treats them as independently actionable. *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383 (1992). A PAGA claim is also based on
28   underlying Labor Code statutes. *See* Cal. Lab. Code § 2699.

SIE'S NOTICE OF MOTION AND MOTION
                          TO DISMISS AND STRIKE 3:21-cv-09054-LB

1   reasons the predicate claims are not manageable—so too are these derivative claims; they are

2   properly stricken. *Wesson v. Staples the Off. Superstore*, *LLC*, 68 Cal. App. 5th 746, 762, 765–66,

3   775, *reh'g denied* (Sept. 27, 2021), *review denied* (Dec. 22, 2021) (proper for district court to

4   strike PAGA claims as unmanageable where underlying claims "are highly fact-dependent" and

5   focus "on the work actually performed by the employee," and the defendant's "affirmative

6   defense could not be fairly litigated through common proof.")[19]

## F.   Plaintiff Alleges Insufficient Facts to Sustain Her Individual Claims.

### 1.   Plaintiff Fails to State a Claim for Wrongful Discharge (Public Policy).

9       The Court should dismiss Plaintiff's public policy wrongful discharge ("*Tameny*") claim

10  because it relies on the same deficient allegations as her FEHA claims. *See* FAC, ¶ 78; section

11  VI(C), *supra*; *Peterson v. U.S. Bancorp Equip. Fin., Inc.*, No. C 10-0942 SBA, 2010 WL

12  2794359, at *6 (N.D. Cal. July 15, 2010) (where the underlying FEHA claims fail, so does the

13  *Tameny* claim).

### 2.   Plaintiff Fails to State a Claim for Intentional or Negligent Infliction of Emotional Distress.

16      Plaintiff's IIED and NIED claims must be dismissed because they are preempted by

17  California's Worker's Compensation statute, which provides the exclusive remedy for emotional

18  injuries caused by an employer's conduct related to the normal course of the employment

19  relationship (e.g., promotions, demotions, termination). *Grotz v. Kaiser Found. Hosps.*, No. C-12-

20  3539 EMC, 2012 WL 5350254, at *10 (N.D. Cal. Oct. 29, 2012). Even if Plaintiff's IIED claim

21  was not preempted, it cannot proceed because "personnel management activity is insufficient to

22  support a claim of [IIED]" *See Janken v. GM Hughes Elect.*, 46 Cal. App. 4th 55, 80 (1996);

23  *Reno*, 18 Cal. 4th at 647; FAC, ¶ 158. Similarly, Plaintiff's claim for NIED fails because Plaintiff

24  alleges no facts suggesting SIE owed her a duty to avoid negligently causing her emotional

25  distress. *See Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal. 3d 583, 590 (1989).

26

27  ───────────────

28  [19] *See also Lopez v. Liberty Mut. Ins. Co.*, No. 2:14-CV-05576-AB-JCX, 2020 WL 1189841, at *5 (C.D. Cal. Feb. 11, 2020) (striking PAGA claim as unmanageable); *Litty v. Merrill Lynch & Co.*, No. CV 14-0425 PA PJWX, 2014 WL 5904904, at *3 (C.D. Cal. Nov. 10, 2014) (same).

1

2

**3.      The Court Should Dismiss Plaintiff's Claim for "Discrimination and Harassment—Termination" Under FEHA Because It Confusingly Lumps Discrimination and Retaliation Into One Legal Standard**

3      The Court should dismiss this jumbled claim wherein Plaintiff alleges she was

4  discriminated against, harassed, ***and*** retaliated against because it is utterly unclear what theory

5  Plaintiff is alleging. "Rule 8(a) requires parties to make their pleadings straightforward, so that

6  judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel.*

7  *Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). An unintelligible claim is

8  properly dismissed. *Id*. Moreover, if this claim is a FEHA retaliation claim, Plaintiff has not pled

9  a critical element, causation, further warranting dismissal of this claim. *See McKenna v.*

10  *Permanente Med. Grp., Inc*., 894 F. Supp. 2d 1258, 1279 (E.D. Cal. 2012) (dismissing FEHA

11  retaliation claim where plaintiff failed to sufficiently plead causal link).

12

13

**4.      Plaintiff Fails to Plead Facts Sufficient to Support Her Claims for Retaliation Under California Labor Code Sections 1102.5 and 232.5.**

14      Because Plaintiff fails to allege she complained to SIE about a specific statutory or

15  regulatory violation, instead only alleging she sent SIE a letter "detailing the gender bias she

16  experienced" (FAC, ¶77), she fails to plead a § 1102.5 violation. *See Chan v. Canadian*

17  *Standards Ass'n*, No. SACV192162JVSJDE, 2020 WL 2496174, at *2 (C.D. Cal. Mar. 16, 2020).

18      Likewise, Plaintiff fails to plead a claim under Labor Code § 232.5 because she does not

19  allege SIE prevented her from disclosing her wages and working conditions. *Suarez v. Bank of*

20  *Am. Corp.*, No. 18-CV-01202-MEJ, 2018 WL 3659302, at *13 (N.D. Cal. Aug. 2, 2018).

21  Disclosure "means to reveal something that was hidden and not known" but does not include

22  internal complaints expressing a belief that an employer's known conduct was unlawful.

23  *Guthmann v. Classic Residence Mgmt. Ltd. P'ship*, No. 16-CV-02680-LHK, 2017 WL 3007076,

24  at *17 (N.D. Cal. July 14, 2017).

25      //

26      //

27      //

28

SIE'S NOTICE OF MOTION AND MOTION
TO DISMISS AND STRIKE 3:21-cv-09054-LB

1

## VII.   **CONCLUSION**

2       For the reasons set forth above, SIE respectfully requests that Plaintiff's Complaint be

3 dismissed in its entirety.

4

5 Dated: February 22, 2022                                ORRICK, HERRINGTON & SUTCLIFFE LLP

6

7                                                         By:  _/s/ Erin Connell_

8                                                              ERIN CONNELL
                                                             Attorneys for Defendant
9                                                            SONY INTERACTIVE
                                                             ENTERTAINMENT LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SIE'S NOTICE OF MOTION AND MOTION
                                                                            TO DISMISS AND STRIKE 3:21-CV-09054-LB