UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| EMMA MAJO,<br><br>            Plaintiff,<br><br>    v.<br><br>SONY INTERACTIVE ENTERTAINMENT LLC,<br><br>            Defendant. | Case No. 21-cv-09054-LB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 24 |

## INTRODUCTION

This is a putative class and collective action against Sony Interactive Entertainment alleging pervasive gender discrimination at Sony. The named plaintiff — a female former employee — brought individual, class, and collective claims, alleging that (1) she was harassed, denied promotion, demoted, and terminated, all because of gender bias, and (2) Sony employees who are female or identify as female do not receive the same compensation as similarly situated male employees and are denied promotions.[1]

The plaintiff's first amended complaint (FAC) has thirteen claims: one collective claim on behalf of herself and a nationwide class under the Fair Labor Standards Act (FLSA) as amended by

---

[1] First Am. Compl. (FAC) – ECF No. 22. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

the Equal Pay Act; six state-law class claims on behalf of herself and a California class; one claim on behalf of herself and both classes under the Declaratory Judgment Act, 28 U.S.C. § 2201; and five individual claims under state law.[2] Sony moved to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(6), mainly on the ground that the plaintiff alleges only unactionable run-of-the-mill personnel activity and thus does not plausibly plead claims. It also moved to strike the claims under Rule 12(f) on the ground that the allegations are "highly individual" and do not establish that a class or collective action is procedurally proper.[3]

The court grants the motion to dismiss (with leave to amend) for most claims because the allegations are mostly conclusory, but the following individual claims survive: statutory and common-law wrongful termination, whistleblower retaliation under Cal. Lab. Code § 1102.5(b), and retaliation under the California Fair Employment and Housing Act (FEHA). Because the court dismisses the federal claim, though, it does not have jurisdiction over the state claims and so dismisses all claims. The court denies the motion to strike without prejudice because it is premature to decide it based on an inadequately pled complaint.

## STATEMENT

### 1. Allegations Regarding Individual Claims

The plaintiff alleged that she was harassed, denied promotion, demoted, and terminated "because of gender bias, because she is a female, and because she spoke up about gender bias."[4] The specific allegations in the FAC are as follows.

The plaintiff worked at Sony from 2015 until 2021. (She does not describe her job title or responsibilities.)[5] During that time, she was never promoted and could not find out how to get promoted, despite asking multiple managers and her mentor.[6] When she asked, her managers would

---

[2] *Id.* (¶¶ 79–199).

[3] Mot. – ECF No. 24.

[4] FAC – ECF No. 22 (¶ 78).

[5] *Id.* at 13 (¶ 64), 16 (¶ 77).

[6] *Id.* at 14–15 (¶¶ 68–71, 73–74).

"say something to the effect of, 'yeah we should talk about that.'"[7] Even though she had a direct subordinate for several years, she was never a manager.[8] At one point, her "requests for a path to management resulted in the creation of a plan for more levels within [her] department instead of any communication that tasks, behavior modification, or knowledge was needed on [her] part."[9]

She alleges she was effectively demoted. She at first reported to a vice president, but "after asking about how to get promoted, she was then told to report to a manager below the VP." The change was ostensibly because the VP "did not have time to handle subordinates," but the plaintiff "noticed that other male co-workers continued reporting to the VP."[10]

In 2021, Sony terminated the plaintiff "[s]oon after" she "submitted a signed statement to Sony detailing the gender bias she [had] experienced." The termination was ostensibly because her department was being eliminated, but she was not "a member of the department being dissolved."[11]

There are other allegations about gender bias. "Sony has managers (e.g., Yu Sugita) who will not be alone in a room with a female with the door closed" and who will speak only to male colleagues even if a female is present.[12] (The plaintiff does not specify that Sugita was her manager.) When the plaintiff wanted something done, she needed to send the request through a male because if she communicated with Sugita directly, he would ignore her. A "request would garner a response when it came from a male intern," but a "a virtually identical request would be ignored if it came from a higher-level female employee."[13] At one point, the plaintiff left the "Security Governance, Risk, and Compliance" department because she thought promotion was unavailable (although the FAC also alleges she left the department because she was asked to and felt she had no choice because of office

---

[7] *Id.* at 14 (¶ 69).
[8] *Id.* at 14–15 (¶ 71).
[9] *Id.* at 14 (¶ 68).
[10] *Id.* (¶ 70).
[11] *Id.* at 16 (¶ 77).
[12] *Id.* at 14 (¶ 66).
[13] *Id.* (¶ 67).

ORDER – No. 21-cv-09054-LB             3

politics). After being told that she could return to her former department any time that there was an opening, she applied but never heard back about her application.[14]

Sony's human-resources department "creates resistance when women try to get promoted" by "losing track of females seeking promotion" and denying females promotion because of their current job titles, "without a real examination of [their] skills."[15] By contrast, Sony promotes a "notable" number of men "out of cycle" (meaning, not during "in cycle" promotions at the time of annual performance reviews). The plaintiff knows of no female out-of-cycle promotions.[16]

When she joined Sony, the plaintiff's department was about forty percent female, but over time there was a "shift towards more and more males." "As of 2021, Sony is dominated by males."[17]

The plaintiff has also "heard [Sony] managers make gender-biased comments about female workers" (such as saying, "[w]e can understand she is not performing well because she has a lot going on at home"), but she never heard like comments about men.[18]

**2. Class and Collective Allegations**

Sony employees "who are female or identify as female . . . were not compensated equally to male employees who performed substantially similar work" and "were denied promotions."[19] "Even though nearly half of [Sony] PlayStation owners are females," a third-party gender-balance survey "revealed that Sony's Executive Committee was 100% male" and gave Sony "the worst possible rating . . . because [it] did not have any females in either Staff or Line leadership roles."[20]

The class and collective definitions are as follows.

---

[14] *Id.* at 14–15 (¶¶ 68, 73).

[15] *Id.* at 16 (¶ 76).

[16] *Id.* at 15–16 (¶ 75).

[17] *Id.* at 13 (¶ 65).

[18] *Id.* at 15 (¶ 72).

[19] *Id.* at 4 (¶ 13).

[20] *Id.* (¶ 14); Gender Balance Report, Ex. A to *id.* – ECF No. 22 at 41–43.

For the collective action under the Equal Pay Act claim, the proposed "Nationwide Class" is "[a]ll individuals employed by Sony Interactive Entertainment, LLC in the United States at any time during the time period beginning three years prior to the filing of this Complaint through the date of trial in this action who are either (a) female or (b) identify as female."[21]

For the state-law class claims, the proposed California Class is "[a]ll individuals employed by Sony Interactive Entertainment, LLC in California at any time during the time period beginning four years prior to the filing of this Complaint through the date of trial in this action who are either (a) female or (b) identify as female."[22] The proposed "Former Employee Subclass" is "members of the California Class who are no longer employed by Sony."[23]

The FAC contains basic allegations for the class claims about numerosity, common questions of law and fact, typicality, adequacy of representation, and the requirements for Rule 26(b)(2) and (b)(3) classes. It also recites basic allegations about collective claims under the Equal Pay Act pursuant to the FLSA, 29 U.S.C. § 216(b).[24]

The plaintiff attached declarations from female Sony employees, among other documents, to her opposition.[25] The court does not consider them in evaluating Sony's motion. *See, e.g.*, *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989) (district court generally must disregard material outside the pleadings in considering a motion to dismiss); *Graves v. Sw. & Pac. Specialty Fin., Inc.*, No. C 13-1159 SBA, 2013 WL 5945851, at *4 (N.D. Cal. Nov. 4, 2013) ("The grounds for a motion to strike must be readily apparent from the face of the pleadings or from materials that may be judicially noticed.").

---

[21] FAC – ECF No. 22 at 12 (¶ 55).

[22] *Id.* at 6 (¶ 23).

[23] *Id.* (¶ 24).

[24] *Id.* at 6–12 (¶¶ 29–54), 13 (¶¶ 59–63).

[25] Ilg Decl. – ECF No. 27; Exs. 1–13 to *id.* – ECF Nos. 27-1 to -13.

### 3. Relevant Procedural History

The FAC has thirteen claims: (1) denial of equal pay for equal work, in violation of the FLSA as amended by the Equal Pay Act (claim one on behalf of the plaintiff and the nationwide class); (2) declaratory judgment (claim two on behalf of the plaintiff and all class members); (3) six state-law claims (claims three through eight) on behalf of the plaintiff and the California class: denial of equal pay in violation of California's Equal Pay Act, Cal. Lab. Code §§ 1197.5 *et seq.* & 1194.5; discrimination and harassment in the form of unequal pay and a failure to promote, in violation of Cal. Gov't Code § 12940 *et seq.*; failure to prevent and investigate discrimination and harassment in violation of Cal. Gov't Code § 12940 *et seq.*; failure to pay final wages in violation of Cal. Lab. Code §§ 201–203; unfair competition in violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200; and a claim under California's Private Attorneys General Act (PAGA) based on the Labor Code violations; and (4) five state-law claims (claims nine through thirteen) brought by the plaintiff individually: wrongful termination; intentional and negligent infliction of emotional distress; discrimination and harassment in the form of wrongful termination, in violation of Cal. Gov't Code § 12940 *et seq.*; and retaliatory discharge in violation of Cal. Lab. Code §§ 232.5 & 1102.5.[26]

The court has federal-question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction over the plaintiff's state-law claims under 28 U.S.C. § 1367. All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 626.[27] The court held a hearing on April 14, 2022.

## STANDARD OF REVIEW

### 1. Motion to Dismiss — Rule 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A

---

[26] FAC – ECF No. 22 at 16–36 (¶¶ 79–199).

[27] Consents – ECF Nos. 15–16.

complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (cleaned up).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations, which when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *NorthBay Healthcare Grp., Inc. v. Kaiser Found. Health Plan, Inc.*, 838 F. App'x 231, 234 (9th Cir. 2020). "[O]nly the *claim* needs to be plausible, and not the facts themselves." *NorthBay*, 838 F. App'x at 234 (citing *Iqbal*, 556 U.S. at 696); *see Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018) (the court must accept the factual allegations in the complaint "as true and construe them in the light most favorable to the plaintiff") (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (cleaned up). Still, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

If a court dismisses a complaint, it should give leave to amend unless the "pleading could not possibly be cured by the allegation of other facts." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1182 (9th Cir. 2016) (cleaned up).

### 2. Motion to Strike — Rule 12(f)

The court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike are generally disfavored and "should not be granted unless

the matter to be stricken clearly could have no possible bearing on the subject of the litigation. If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (cleaned up). "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." *Id*. "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of N.Y. Mellon*, No. 12-cv-00846-LHK, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (citing *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)).

## ANALYSIS

Sony moved to dismiss, generally on the ground that the plaintiff failed to allege facts to sustain her claims.[28] The court dismisses most claims on this ground without prejudice. The following individual claims survive: statutory and common-law wrongful termination, whistleblower retaliation under Cal. Lab. Code § 1102.5(b), and FEHA retaliation. But because the court dismisses the federal claim, it does not have jurisdiction over the state claims and thus dismisses the entire complaint. The court denies the motion to strike class allegations without prejudice until the filing of any amended complaint.

1. **Motion to Dismiss**

    **1.1  FLSA/Equal Pay Act Collective Claim for Nationwide Class (Claim One)**

    Claim one — a putative nationwide collective claim for wage discrimination under the FLSA as amended by the federal Equal Pay Act (and an individual claim by the plaintiff) — is dismissed because the plaintiff failed to allege any relevant facts.

    "The principle of the Equal Pay Act, 29 U.S.C. § 206(d), is that employees doing equal work should be paid equal wages, regardless of sex." *Maxwell v. City of Tucson*, 803 F.2d 444, 445–46 (9th Cir. 1986). "To establish a prima facie case [under the Act], a plaintiff must show that the

---

[28] Mot. – ECF No. 24 at 18–26, 32–34.

employer pays different wages to employees of the opposite sex for substantially equal work." *E.E.O.C. v. Maricopa Cnty. Cmty. Coll. Dist.*, 736 F.2d 510, 513 (9th Cir. 1984). The plaintiff must present a comparison of "the jobs in question," not "the individuals who hold the jobs." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1074 (9th Cir. 1999). "[N]o intent to discriminate need be shown." *Maxwell*, 803 F.2d at 446.

Jobs are "substantially equal" if they satisfy a two-part analysis. *Stanley*, 178 F.3d at 1074. First, the plaintiff must show that they have a "common core of tasks, i.e., a significant portion of the two jobs is identical." *Id.* Second, "the court must then determine whether any additional tasks, incumbent on one job but not the other, make the two jobs substantially different." *Id.* (cleaned up).

This claim is dismissed because the plaintiff merely recited the elements of the claim and did not allege any specific facts. For example, she does not describe her work or how her work was substantially equal to the work of any male allegedly paid more than she was paid.

### 1.2   State-Law California-Class Claims (Claims Three Through Eight)

The plaintiff brought six state-law claims on behalf of herself and the California Class. She did not plausibly plead the claims.

First, claim three (for a violation of the California Equal Pay Act, Cal. Lab. Code § 1197.5) fails for the same reasons as the federal Equal Pay Act claim. "The California Equal Pay Act is nearly identical to the federal civil rights provision, and California courts rely upon federal case law to interpret the state statute." *Negley v. Jud. Council of Cal.*, No. C 08-03690 MHP, 2010 WL 11545605, at *5 (N.D. Cal. June 21, 2010); *Hall v. Cnty. of Los Angeles*, 148 Cal. App. 4th 318, 323 n.4 (2007).

Second, claim four is for discrimination (based on both disparate-treatment and disparate-impact theories) and harassment, in connection with compensation and failure to promote, under the FEHA, Cal. Gov't Code § 12940(a) & (j). The claim and its subclaims — disparate-treatment discrimination in compensation, disparate-treatment discrimination in failure to promote, disparate-impact discrimination, and harassment — are not plausibly pled.

As to wage discrimination, claim four fails for the same reasons the Equal Pay Act claims fail. "[W]hen a plaintiff asserts a discriminatory compensation claim under FEHA, [it] must meet the

same standard as an Equal Pay Act claim." *Negley*, 2010 WL 11545605, at *5 (collecting cases); *see also Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 354 (2000).

As to discrimination in the form of failure to promote, the FAC has insufficient factual allegations to support the claim. The Act prohibits employers from discriminating based on sex, gender, gender identity, or gender expression. Cal. Gov't Code § 12940(a). To maintain a claim for discrimination, the plaintiff must establish that (1) she is a member of a protected class, (2) she was qualified for the position, (3) she experienced an adverse employment action, and (4) similarly situated individuals outside the protected class "were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Fitch v. S.F. Unified Sch. Dist.*, No. 15-cv-02769-SI, 2015 WL 6551668, at *5 (N.D. Cal. Oct. 29, 2015).

The FAC is mostly conclusory. It does plausibly allege that the plaintiff was qualified to be promoted (because her managers expressed receptivity to promoting her).[29] But there are no allegations that raise an inference of discrimination. For example, there are no allegations that males who were given out-of-cycle promotions were similarly situated to the plaintiff. There are allegations that Sony's human-resources department "creates resistance when women try to get promoted" by various methods, but the FAC does not allege that those methods were used against the plaintiff.[30] *Kannan v. Apple Inc.*, No. 5:17-cv-07305-EJD, 2018 WL 3820857, at *6 (N.D. Cal. Aug. 10, 2018) (dismissing a FEHA failure-to-promote claim where the plaintiff failed to allege circumstances establishing an inference of discrimination because "[he] does not allege, for example, that he had similar qualifications to . . . other people" treated more favorably).

As to disparate-impact discrimination, the plaintiff did not dispute Sony's argument that the claim is not plausibly pled.[31] In any event, her allegations are conclusory.

As to the harassment theory of claim four, it also fails. As Sony contended, the plaintiff's "claims are grounded in unactionable personnel management actions such as demotions,

---

[29] FAC – ECF No. 22 at 14 (¶ 69).

[30] *Id.* at 16 (¶ 76).

[31] Opp'n – ECF No. 26 at 17–19 (arguing only that the plaintiff's "disparate impact claims can satisfy the class certification standards"), 25–26.

ORDER – No. 21-cv-09054-LB                     10

1   termination, and promotions, which cannot form the basis of a harassment claim within the
2   meaning of" the Act.[32] *Reno v. Baird*, 18 Cal. 4th 640, 647 (1998).

3       The Act prohibits harassment of employees because of their sex, gender, gender identity, or
4   gender expression. Cal. Gov't Code § 12940(j). To state a claim for harassment under the Act, the
5   plaintiff must allege that (1) she is a member of a protected group, (2) she was subjected to
6   harassment for belonging to the group, and (3) the "alleged harassment was so severe that it
7   created a hostile work environment." *Lawler v. Montblanc N. Am.*, 704 F.3d 1235, 1244 (9th Cir.
8   2013) (citing *Aguilar v. Avis Rent a Car Sys., Inc.*, 21 Cal. 4th 121, 129–30 (1999)). The
9   harassment must be a "concerted pattern . . . of a repeated, routine or a generalized nature." *Id*.
10  "Isolated incidents that do not exist in a concerted pattern can also fulfill the 'severe or pervasive'
11  prong, but only if such isolated incidents consist of a physical assault or the threat thereof."
12  *Landucci v. State Farm Ins. Co.*, 65 F. Supp. 3d 694, 703–04 (N.D. Cal. 2014) (cleaned up).

13      "Harassment" under the Act differs from discrimination. Harassment "consists of actions
14  outside the scope of job duties which are not of a type necessary to business and personnel
15  management." *Reno*, 18 Cal. 4th at 647. Thus, personnel-management action must be analyzed in
16  the context of discrimination as opposed to harassment. *Id.* at 646–47 (hiring and termination
17  decisions, job assignments, and promotions or demotions "do not come within the meaning of
18  harassment"); *Lewis v. UPS, Inc.*, 252 F. App'x 806, 808 (9th Cir. 2007) (threat of termination
19  cannot be analyzed as harassment because it is a personnel-management action). But "some
20  official employment actions done in furtherance of a supervisor's managerial role can also have a
21  secondary effect of communicating a hostile message" if done in an "unnecessarily demeaning"
22  manner and if "the actions establish a widespread pattern of bias." *Roby v. McKesson Corp.*, 47
23  Cal. 4th 686, 708–09 & n.10 (2009) (examples include "shunning of Roby during staff meetings,"
24  "belittling of Roby's job," and "reprimands of Roby in front of Roby's coworkers").

25      Here, the plaintiff mainly alleges personnel-management actions as the basis of her harassment
26  claim. For example, she alleges that Sony's "harassing actions . . . includ[ed] preventing females

---

28  [32] Mot. – ECF No. 24 at 24.

ORDER – No. 21-cv-09054-LB            11

from being promoted and preventing females from equal payment."[33] As an example of harassment, the plaintiff pointed to a manager's being more receptive to requests from male interns than higher-level female employees, and managers' job-related gender-biased comments about female employees.[34] But this conduct related to the performance of job duties is a personnel-management action that is not actionable FEHA harassment.

Third, the FAC did not plausibly plead claim five for failure to prevent and investigate discrimination and harassment, in violation of the FEHA.

The Act prohibits employers from "fail[ing] to take all reasonable steps necessary to prevent discrimination and harassment." Cal. Gov't Code § 12940(k). To state a claim for failure to prevent discrimination or harassment under the Act, a plaintiff must allege that (1) she was subjected to discrimination or harassment, (2) the defendant failed to take all reasonable steps necessary to prevent the discrimination or harassment, and (3) this failure caused the plaintiff to suffer injury, damage, loss or harm. *Lelaind v. City and Cnty. of San Francisco*, 576 F. Supp. 2d 1079, 1103 (N.D. Cal. 2008). It follows that a claim under subsection (k) cannot proceed in the absence of an underlying discrimination or harassment claim. *Kohler v. Inter–Tel Techs.*, 244 F.3d 1167, 1174 n.4 (9th Cir. 2001); *Trujillo v. Transit Dist.*, 63 Cal. App. 4th 280, 286–89 (1988).

Because the plaintiff has not plausibly pled underlying claims of discrimination or harassment, the failure-to-prevent claim also fails. And although the FAC asserts that a claim for failure to prevent also arises from California common law, the plaintiff's briefing addresses only the Act.[35] Thus, the failure-to-prevent claim is dismissed.

Fourth, claim six (for failure to pay final wages, in violation of Cal. Lab. Code §§ 201–03) is dismissed because the plaintiff did not oppose Sony's motion to dismiss it.[36]

---

[33] FAC – ECF No. 22 at 22 (¶ 113).

[34] Opp'n – ECF No. 26 at 26 (citing FAC – ECF No. 22 at 14–15 (¶¶ 67, 72)).

[35] FAC – ECF No. 22 at 23–24 (¶¶ 121, 126); Opp'n – ECF No. 26 at 26.

[36] Opp'n – ECF No. 26 at 26.

Fifth, the plaintiff's derivative claims under the UCL and PAGA (claims seven and eight) fail because the underlying claims fail. *See, e.g.*, *Reyna v. WestRock Co.*, No. 20-cv-01666-BLF, 2020 WL 5074390, at *11–*12 (N.D. Cal. Aug. 24, 2020).

### 1.3   Individual Claims (Claims Nine Through Thirteen)

Claims nine through thirteen are the plaintiff's individual claims. Only the following individual claims (claims nine, twelve, and thirteen) survive: statutory and common-law wrongful termination, whistleblower retaliation under Cal. Lab. Code § 1102.5(b), and retaliation under the FEHA. The rest are not plausibly pled.

First, the motion to dismiss is denied as to the claim for wrongful termination in violation of public policy under California common law (claim nine).

"[W]hen an employer's discharge of an employee violates fundamental principles of public policy, the discharged employee may maintain a tort action and recover damages traditionally available in such actions." *Tameny v. Atl. Richfield Co.*, 27 Cal. 3d 167, 170 (1980). "[T]he elements of a claim for wrongful termination in violation of public policy are (1) an employer-employee relationship; (2) an adverse employment action; (3) that the adverse employment action violated public policy; and (4) the adverse employment action caused the employee damages." *Hollie v. Concentra Health Servs., Inc.*, No. C 10-5197 PJH, 2012 WL 993522, at *7 (N.D. Cal. Mar. 23, 2012) (citing *Miklosy v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 900 (2008) and *Haney v. Aramark Uniform Servs., Inc.*, 121 Cal. App. 4th 623, 641 (2004)). In other words, "the plaintiff must establish the existence of a public policy and a nexus between the public policy and an employee's termination." *Id.* (citing *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1258–59 (1994)).

For an actionable *Tameny* claim, a relevant public policy must be implicated. The policy must be: "(1) delineated in either constitutional or statutory provisions; (2) 'public' in the sense that it 'inures to the benefit of the public' rather than serving merely the interests of the individual; (3) well established at the time of discharge; and (4) substantial and fundamental." *Freund v. Nycomed Amersham*, 347 F.3d 752, 758 (9th Cir. 2003) (quoting *City of Moorpark v. Super. Ct.*, 18 Cal. 4th 1143, 1159 (1998)). The plaintiff bears the burden of identifying the public policy allegedly violated. *Day v. Sears Holdings Corp.*, 930 F. Supp. 2d 1146, 1189 (C.D. Cal. 2013). In

ORDER – No. 21-cv-09054-LB                13

California, "public policy cases fall into one of four categories: the employee (1) refused to violate a statute; (2) performed a statutory obligation; (3) exercised a constitutional or statutory right or privilege; or (4) reported a statutory violation for the public's benefit." *Green v. Ralee Eng'g Co.*, 19 Cal. 4th 66, 76, 90 (1998) (holding that a public policy may also be premised on an administrative regulation).

The plaintiff's *Tameny* claim is predicated on her wrongful-termination claim under the FEHA.[37] Because the latter claim is plausible (as discussed below), the *Tameny* claim is too. *Peterson v. U.S. Bancorp Equip. Fin., Inc.*, No. C 10-0942 SBA, 2010 WL 2794359, at *6 (N.D. Cal. July 15, 2010) (a FEHA violation can support a *Tameny* claim).

Second, claim ten (for intentional infliction of emotional distress) is dismissed because it is premised only on personnel-management activity.

In California, "[a] cause of action for intentional infliction of emotional distress exists when there is (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Kelley v. Conco Cos.*, 196 Cal. App. 4th 191, 215 (2011) (cleaned up). "A defendant's conduct is outrageous when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* (cleaned up).

"A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Janken v. GM Hughes Elect*, 46 Cal. App. 4th 55, 80 (1996). Examples of personnel-management activity are "hiring and firing, job or project assignments, . . . promotion or demotion, performance evaluations, the provision of support, the assignment or non-assignment of supervisory functions, deciding who will and who will not attend meetings, . . . and the like." *Id.* at 64–65.

The plaintiff's claim is mostly about personnel management (within the meaning of *Janken*): Sony managers' receptivity to employees' ideas, willingness to speak to employees at meetings,

---

[37] *Id.* at 27.

and decisions to demote, not promote, and terminate her and others.[38] Those allegations cannot support the claim. The one allegation that could potentially support the claim is that Sony managers made gender-biased comments about female employees.[39] But that does not amount to the extreme conduct needed to plead the claim. *Kelley*, 196 Cal. App. 4th at 215; *Semore v. Pool*, 217 Cal. App. 3d 1087, 1104 (1990) (where "[n]o program of supervisorial harassment is alleged," the "plaintiff has not alleged . . . conduct that exceeds all bounds usually tolerated by a decent society"). Thus, the claim fails.

Third, the plaintiff claims negligent infliction of emotional distress (claim eleven).[40] Sony contends that the plaintiff did not plead a duty and instead alleged only intentional conduct.[41]

Negligent infliction of emotional distress is a form of the tort of negligence and has the following elements: (1) duty, (2) breach of duty, (3) causation, and (4) damages. *Huggins v. Longs Drug Stores Cal., Inc.*, 6 Cal. 4th 124, 129 (1993); *see Burgess v. Super. Ct.*, 2 Cal. 4th 1064, 1072 (1992). A duty to the plaintiff may be "imposed by law, be assumed by the defendant, or exist by virtue of a special relationship." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 985 (1993) (citing *Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal. 3d 583, 590 (1989)).

Under California law, there is ordinarily no duty to avoid negligently causing emotional distress to another. *Id.* at 984. A plaintiff must allege a duty owed her regarding her emotional condition or allege that her emotional distress arises out of the defendant's breach of some other legal duty. *Id.* at 984–85; *see also Brahmana v. Lembo*, No. C–09–00106 RMW, 2010 WL 290490, at *2 (N.D. Cal. Jan. 15, 2010). And in a case like this, which involves "direct victim" liability, there must be a duty "that is assumed by the defendant or imposed on the defendant as a matter of law, or that arises out of a relationship between" the parties. *Marlene*, 48 Cal. 3d at 590.

---

[38] FAC – ECF No. 22 at 13–16 (¶¶ 64–78).

[39] *Id.* at 15 (¶ 72).

[40] *Id.* at 30–31 (¶¶ 166–70).

[41] Mot. – ECF No. 24 at 33; Reply – ECF No. 31 at 19.

ORDER – No. 21-cv-09054-LB                    15

The claim is dismissed because it is about intentional rather than negligent conduct. *Galarpe v. United Airlines, Inc.*, No. 17-CV-06514-EMC, 2018 WL 348161, at *8 (N.D. Cal. Jan. 10, 2018) (acts of employment discrimination and harassment are inherently intentional).

Fourth, the plaintiff claimed discrimination, retaliation, and harassment in her termination, in violation of the FEHA and California common law (claim twelve).[42] Sony contended that this claim should be dismissed because it is unintelligible and because (as to retaliation) causation was not plausibly pled.[43] In her opposition, the plaintiff characterized this claim as one for "discrimination and retaliation" under the Act.[44] The court dismisses only the subclaim for harassment.

To the extent this claim alleges harassment in the form of the plaintiff's termination in violation of the Act, termination decisions cannot be harassment, as discussed above. *Reno*, 18 Cal. 4th at 646–47. Thus, the harassment claim is dismissed.

The claim for discrimination in the plaintiff's termination is plausibly pled. The elements are the same as for the claim for discrimination in form of a failure to promote. *Fitch*, 2015 WL 6551668, at *5. There are plausible allegations for all elements. For example, it is plausible that the plaintiff was qualified for the position that she had when she was terminated because she held that position for six years, and her managers expressed receptivity to promoting her.[45]

As for retaliation in violation of the Act, the claim is also plausibly pled. The Act prohibits employers from retaliating against employees for complaining of discrimination. Cal. Gov't Code § 12940(h). The plaintiff must establish a prima facie case of retaliation by showing that "(1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between her activity and the employment decision." *Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1065–66 (9th Cir. 2004) (cleaned up); *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005) (collecting cases).

Contrary to Sony's argument, the plaintiff plausibly pled causation. She alleged that she was

---

[42] FAC – ECF No. 22 at 31–34 (¶¶ 171–88).

[43] Mot. – ECF No. 24 at 34.

[44] Opp'n – ECF No. 26 at 29.

[45] FAC – ECF No. 22 at 13–14 (¶¶ 64, 69), 16 (¶ 77).

terminated "[s]oon after" her complaint of gender bias and that Sony gave a false explanation for her termination.[46] That is enough at the pleadings stage. *Shahrivar v. City of San Jose*, 752 F. App'x 415, 419 (9th Cir. 2018) (applying the same standard as in FEHA retaliation claims and holding that "when adverse employment decisions are taken within a reasonable period of time after complaints of discrimination have been made, retaliatory intent may be inferred"); *Haro v. Therm-X of Cal., Inc.*, No. 15-cv-02123-JCS, 2015 WL 5121251, at *7 (N.D. Cal. Aug. 28, 2015) (denying a motion to dismiss a FEHA retaliation claim based on the plaintiff's allegations that "he was terminated reasonably soon after complaining about harassment," "he performed his job satisfactorily," and the defendant "offered conflicting explanations of the termination") (cleaned up).

Finally, claim thirteen is for whistleblower retaliation in violation of Cal. Lab. Code §§ 232.5(c) and 1102.5(b).[47]

Under § 232.5(c), "[n]o employer may . . . [d]ischarge, formally discipline, or otherwise discriminate against an employee who discloses information about the employer's working conditions." In this context, disclosure "means to reveal something that was hidden and not known." *Guthmann v. Classic Residence Mgmt. Ltd. P'ship*, No. 16-CV-02680-LHK, 2017 WL 3007076, at *17–*18 (N.D. Cal. July 14, 2017) (quoting *Mize-Kurzman v. Marin Cmty. Coll. Dist.*, 202 Cal. App. 4th 832, 858 (2012)).

The plaintiff's § 232.5(c) claim is dismissed because she did not plausibly allege that the information she disclosed was not known. She alleged only that she "submitted a signed statement to Sony detailing the gender bias she ha[d] experienced at Sony."[48] She alleged a fact that seemingly contradicts the notion that her disclosure was unknown: "Sony's discriminatory employment practices, policies, and procedures are centrally established and implemented at the highest levels of Sony."[49] Because of this contradiction about whether the bias was hidden, the court dismisses the claim.

---

[46] *Id.* at 16 (¶ 77); Opp'n – ECF No. 26 at 29.

[47] FAC – ECF No. 22 at 34–36 (¶¶ 189–99).

[48] *Id.* at 16 (¶ 77).

[49] *Id.* at 5 (¶ 19).

ORDER – No. 21-cv-09054-LB            17

Section 1102.5 is a "whistle-blower" protection statute. *Ferretti v. Pfizer Inc.*, No. 11-cv-04486 LHK, 855 F. Supp. 2d 1017, 1023 (N.D. Cal. 2012). The provision that Sony allegedly violated prohibits employers from retaliating against employees for disclosing information "if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute" or "a local, state, or federal rule or regulation." Cal. Lab. Code § 1102.5(b).

To establish a prima facie claim for retaliation under § 1102.5, an employee must show "(1) that he engaged in protected activity, (2) that he was thereafter subjected to an adverse employment action by his employer, and (3) that there was a causal link between the protected activity and the adverse employment action." *Love v. Motion Indus., Inc.*, 309 F. Supp. 2d 1128, 1134 (N.D. Cal. 2004) (citing *Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 69 (2000)). To show that she engaged in protected activity, the employee must have disclosed a violation of a specific statute, rule, or regulation. *See id.* at 1134–35; *La v. San Mateo Cnty. Transit Dist.*, No. 14-cv-01768-WHO, 2014 WL 4632224, at *5 (N.D. Cal. Sept. 16, 2014).

Sony argued that the plaintiff did not sufficiently allege that she disclosed to Sony a violation of a specific rule, regulation, or statute.[50] But the disclosure itself need not specify the relevant rule, regulation, or statute; the issue is whether it is plausible that "the disclosed activity . . . violate[s] any federal or state statute, rule, or regulation." *Love*, 309 F. Supp. 2d at 1134. Here, the disclosed activity was "gender bias" that plausibly violates the FEHA. Thus, the § 1102.5(b) claim survives.

There is a case pending before the California Supreme Court concerning whether a plaintiff claiming § 1102.5(b) retaliation must, as with § 232.5(c) claims, show that the plaintiff disclosed information not previously known by the employer. *People v. Kolla's Inc.*, No. G057831, 2021 WL 1851487, at *5 (Cal. Ct. App. May 10, 2021), *review granted* (Sept. 1, 2021) (No. S269456). The outcome of the case may affect the pleading standard.

### 1.4 Declaratory Judgment Claim (Claim Two)

Claim two seeks a declaratory judgment as to the rights of the plaintiff and all class members

---

[50] Mot. – ECF No. 24 at 34.

ORDER – No. 21-cv-09054-LB                     18

under 28 U.S.C. § 2201.[51] Sony contended that the claim should be dismissed because it is redundant and because the predicate claims should be dismissed.[52] The request is redundant because it is coextensive with the other claims. It is therefore dismissed. *See, e.g.*, *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 819 (N.D. Cal. 2015) (dismissing a claim for declaratory relief where it "is commensurate with the relief sought through [the plaintiff's] substantive claims").

**2. Motion to Strike**

Sony moved to strike the class allegations for the Nationwide and California Classes on the grounds that (1) for the Nationwide Class, the plaintiff did not "sufficiently allege [that] conditional certification is even a remote or realistic possibility," and (2) for the California Class, she did not show ascertainability, adequacy, typicality, commonality, predominance, or manageability.[53] The plaintiff countered that "Sony's attempt to adjudicate all class action issues is premature" at the pleadings stage and in any case, she "has sufficiently alleged all facts necessary to prevail on certification."[54] The court denies the motion to strike without prejudice until any further amended complaint is filed.

Class allegations generally are not tested at the pleadings stage and instead are tested after one party has filed a motion for class certification. *See, e.g.*, *Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008); *In re Wal–Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007). Nonetheless, as the Supreme Court has explained, "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). Thus, a court may grant a motion to strike class allegations if it is clear from the complaint that the class claims cannot be maintained. *See, e.g.*, *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990–91 (N.D. Cal. 2009). Such a motion can be granted with leave to amend. *Id.* at 991.

---

[51] *Id.* at 18 (¶¶ 88–90).

[52] Mot. – ECF No. 24 at 13 n.1.

[53] *Id.* at 20–22, 26–32 & n.16.

[54] Opp'n – ECF No. 26 at 15–21.

The court denies the motion to strike. The plaintiff's allegations are still in flux; the opposition attached eight new declarations from female Sony employees, among other documents.[55] These declarations may yield new allegations, and Rule 23 generally demands a "rigorous analysis" that is aided by targeted information. *See, e.g.*, *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1221 (N.D. Cal. 2014) ("[T]he 'rigorous analysis' contemplated by the Supreme Court's recent class certification rulings requires . . . development of the record."). It therefore would be premature to decide the class-certification issue based on an initial complaint that is largely conclusory. *Jue v. Costco Wholesale Corp.*, No. C 10-00033 WHA, 2010 WL 889284, at *6 (N.D. Cal. Mar. 11, 2010) (it was "premature to evaluate the sufficiency of the class allegations in the current complaint" where all claims were dismissed and "different factual allegations" were specifically anticipated in a future complaint); *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("[T]he better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action [is] maintainable.").

For now, the plaintiff has mostly not alleged plausible claims, so the court denies the motion to strike without prejudice. The defendant may raise the argument again in a subsequent motion to strike.

## CONCLUSION

The court dismisses the complaint with leave to amend and denies without prejudice the motion to strike. The plaintiff may file a second amended complaint within 28 days and must attach as an exhibit a blackline of the second amended complaint against the FAC. This resolves ECF No. 24.

**IT IS SO ORDERED.**

Dated: April 21, 2022

LAUREL BEELER
United States Magistrate Judge

---

[55] Ilg Decl. – ECF No. 27; Exs. 1–13 to *id.* – ECF Nos. 27-1 to 27-13.